**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

VINH V. LE,
                    *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,
                    *Defendant-Appellee.*

No. 07-55559

D.C. No.
CV-05-02030-WQH

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted October 23, 2008*
Pasadena, California

Filed March 10, 2009

Before: Consuelo M. Callahan and Sandra S. Ikuta, Circuit
Judges, and Milton I. Shadur,** District Judge.

Opinion by Judge Ikuta

---

*The panel unanimously finds this case suitable for decision without
oral argument. See Fed. R. App. P. 34(a)(2)

**The Honorable Milton I. Shadur, Senior United States District Judge
for the Northern District of Illinois, sitting by designation.

## COUNSEL

Alexandra T. Manbeck, San Diego, California, for the plaintiff-appellant.

Michael J. Cabotaje, Special Assistant United States Attorney, San Francisco, California, for the defendant-appellee.

## OPINION

IKUTA, Circuit Judge:

In this case, the district court issued an order disposing of cross-motions for summary judgment. The losing party's notice of appeal mistakenly designated only the district court's denial of his motion for summary judgment, rather than both the denial of his motion and the grant of the prevailing party's motion. We hold that Rules 3(c)(1)(B) and 3(c)(4) of the Federal Rules of Appellate Procedure, as interpreted by the Supreme Court and in our own precedent, require us to

construe the notice of appeal as encompassing the district court's entire disposition.[1]

# I

Vinh Le applied for disability insurance benefits under Title II and Title XVI of the Social Security Act. The Social Security Administration denied the application. Le requested a hearing before an administrative law judge (ALJ), who subsequently denied Le's application for benefits. The Appeals Council affirmed the ALJ's decision.

Le filed a complaint in district court requesting judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c). Thereafter, Le and the Commissioner filed cross-motions for summary judgment. On December 15, 2005, a magistrate judge issued a report recommending that the district court deny Le's motion for summary judgment and grant the Commissioner's motion for summary judgment. On March 22, 2007, the district court adopted the magistrate judge's recommendation in an order stating:

> IT IS HEREBY ORDERED that: (1) the Court adopt the Report and Recommendation (Doc. #18) filed on December 15, 2006, in its entirety; (2) Plaintiff's motion for summary judgment (Doc #8 is DENIED; and (3) Defendant's cross-motion for summary judgment (Doc. #10) is GRANTED. The Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.

On March 23, 2007, the district court entered judgment in favor of the Commissioner, in an order stating:

---

[1]In a separate memorandum disposition issued today, we affirm the district court's judgment in favor of the Commissioner. *See Le v. Astrue*, No. 07-55559, 2009 WL ___ (9th Cir. March 10, 2009).

> The Court ADOPTS the Report and Recommenda-
> tion filed on 12/15/06, in its entirety. Plaintiff's
> motion for summary judgment is DENIED. Defen-
> dant's cross-motion for summary judgment is
> GRANTED. Judgment is in favor of Defendant and
> against Plaintiff.

On April 23, 2007, Le filed a timely notice of appeal which
states in full:

> Notice is hereby given that plaintiff in the above-
> named case, hereby appeals to the United States
> Court of Appeals for the Ninth Circuit from an order
> denying plaintiff's motion for summary judgment on
> the 23th [sic] day of March, 2007.

Le's opening brief on appeal states that the district court
"granted the Commissioner's motion for summary judgment
in an order dated March 23, 2007," and Le "filed a timely
notice of appeal on April 23, 2007." The brief argues the mer-
its of the district court's grant of summary judgment in favor
of the Commissioner.

Neither party argues that we lack jurisdiction over Le's
appeal of the district court's grant of summary judgment to
the Commissioner because his notice of appeal requested
review only of the district court's denial of Le's motion for
summary judgment. Nevertheless, "we have an independent
obligation to inquire into our own jurisdiction." *Perez-Martin
v. Ashcroft*, 394 F.3d 752, 756 (9th Cir. 2005). We review the
question whether we have jurisdiction de novo. *Id.*

## II

**[1]** We have jurisdiction over appeals "from all final deci-
sions of the district courts of the United States." 28 U.S.C.
§ 1291. There is no dispute that the judgment issued March
23, 2007, and from which Le appeals, is a final decision of the

district court. Nevertheless, we must consider whether Le's notice of appeal is deficient in complying with the filing and content procedures established by Rule 3 of the Federal Rules of Appellate Procedure, because a deficiency may present a jurisdictional bar to appeal.

A

**[2]** We first consider the Supreme Court's framework for determining when noncompliance with Rule 3 creates a jurisdictional bar for an appeal. Federal Rule of Appellate Procedure 3(c) states, in pertinent part:

(c)   Contents of the Notice of Appeal.

(1)   The notice of appeal must:

(A)   specify the party or parties taking the appeal by naming each one in the caption or body of the notice, but an attorney representing more than one party may describe those parties with such terms as "all plaintiffs," "the defendants," "the plaintiffs A, B, et al.," or "all defendants except X";

(B)   designate the judgment, order, or part thereof being appealed; and

(C)   name the court to which the appeal is taken.

. . .

(4)   An appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice.

The Supreme Court has noted that "[a]lthough courts should construe Rule 3 liberally when determining whether it has

been complied with, noncompliance is fatal to an appeal." *Smith v. Barry*, 502 U.S. 244, 248 (1992).

**[3]** In determining when noncompliance with Rule 3 creates a jurisdictional bar, the Supreme Court has distinguished between Rule 3(c)(1)(A), which requires the notice of appeal to specifically mention the parties taking the appeal, and Rule 3(c)(1)(B), which requires the notice of appeal to "designate the judgment, order, or part thereof being appealed."

**[4]** The Supreme Court has interpreted Rule 3(c)(1)(A) narrowly. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988). In *Torres*, the Court held that the appellate court lacked jurisdiction over a party whose name had inadvertently been omitted from a notice of appeal. *Id.* at 317. Noting that the "purpose of the specificity requirement in Rule 3(c) is to provide notice both to the opposition and to the court of the identity of the appellant or appellants," *id.* at 318, the Court held that the "failure to name a party in a notice of appeal is more than excusable 'informality,' " *id.* at 314, but rather, "it constitutes a failure of that party to appeal." *Id.* The Court concluded that "the specificity requirement of Rule 3(c) is met only by some designation that gives fair notice of the specific individual or entity seeking to appeal." *Id.* at 318.

**[5]** By contrast, the Supreme Court has rejected a literal interpretation of Rule 3(c)(1)(B), which requires the notice of appeal to "designate the judgment, order, or part thereof being appealed." In *Foman v. Davis*, 371 U.S. 178 (1962), a plaintiff filed a notice of appeal from the denial of a motion to vacate the judgment, instead of from the judgment itself. *Id.* at 179. The Court held that the notice of appeal was sufficient under Rule 3(c) as "an effective, although inept, attempt to appeal from the judgment sought to be vacated." *Id.* at 181. The Court subsequently explained "the important principle for which *Foman* stands" is "that the requirements of the rules of procedure should be liberally construed and that 'mere techni-

calities' should not stand in the way of consideration of a case on its merits." *Torres*, 487 U.S. at 316 (explaining *Foman*). The Court concluded that "if a litigant files papers in a fashion that is technically at variance with the letter of a procedural rule, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." *Id.* at 316-17.

## B

**[6]** In implementing the Court's instructions to apply Rule 3(c) in a non-technical manner, *see id.*, we have focused on whether errors in the designation of the order from which the party is appealing have prejudiced the other party. *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003). When "a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal," we consider: "(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." *Id.* (internal quotation marks and alterations omitted). In determining whether intent and prejudice are present, we consider " 'first, whether the affected party had notice of the issue on appeal; and, second, whether the affected party had an opportunity to fully brief the issue.' " *Meehan v. County of Los Angeles*, 856 F.2d 102, 105 (9th Cir. 1988) (quoting *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986), *aff'd*, 488 U.S. 347 (1989)). This non-technical approach to construing notices of appeal is consistent with the requirement in Rule 3 that "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal." FED. R. APP. P. 3(c)(4); *see also Smith*, 502 U.S. at 249 (holding that the court of appeals erred under Rule 3 in failing to construe a prisoner's informal brief as a notice of appeal where it was timely filed and contained the same information as that required under Rule 3(c)).

**[7]** In applying this framework, we have held that a notice of appeal is adequate even when it completely fails to indicate

the order from which the party is appealing. For example, in *Lolli*, an appellant filed a notice of appeal designating only the district court's denial of appellant's motion for reconsideration, and did not designate the district court's grant of summary judgment in favor of the opposing parties. 351 F.3d at 414. We treated the notice of appeal as including the grant of summary judgment because the intent to appeal the order could be inferred from the appellant's discussion of the merits of the summary judgment in the opening appellate brief, and because appellee's full and detailed responses to appellant's claims indicated there had been no prejudice. *Id.* at 414-15.

Similarly, in *Duran v. City of Douglas*, 904 F.2d 1372 (9th Cir. 1990), a district court entered a single order granting the plaintiff's motion for partial summary judgment and denying the defendant's motion for summary judgment on the basis of qualified immunity. *Id.* at 1375. Although the defendant's notice of appeal identified only the grant of partial summary judgment, we construed it as appealing the entire district court order. Because the defendant "did not err in designating the order appealed; his only mistake was in identifying the portion of that order, . . . both motions for summary judgment were resolved in the same order, and the [appellees] claim[ed] no prejudice," we held that the defendant's mistake was not fatal to his appeal. *Id.* at 1375 n.1.

**[8]** Moreover, a technical error in a notice of appeal does not deprive us of jurisdiction even if the order mistakenly designates an unappealable order. In *Firchau v. Diamond National Corp.*, 345 F.2d 269 (9th Cir. 1965), the appellant's notice of appeal mistakenly appealed from the district court's dismissal of the first amended complaint (an unappealable order), rather than from the court's final judgment (an appealable order). *Id.* at 270-71. We overlooked this defect because it had no effect on the "substantial rights" of the parties. *Id.* at 271. Indeed, an earlier determination by this court that we lacked jurisdiction over an appeal due to such a technical error was summarily reversed by the Supreme Court. In

*United States v. Arizona*, 206 F.2d 159 (9th Cir. 1953), a single district court order dismissed a defendant's third-party complaint (an unappealable order), and also dismissed the defendant's case against the third party (an appealable order). *Id.* at 160. The defendant's notice of appeal mistakenly designated only the unappealable district court order dismissing the third-party complaint. We stated, "[h]ere are two decisions entered on the same date and the notice of [appellant] specifically appealed from the one not appealable and does not mention the one that is." *Id.* at 161. Based on this distinction, we refused to exercise jurisdiction over the merits of the case. *Id.* The dissent argued against such a hypertechnical decision:

> To say that the [district] court's action was such that there were two, completely distinct orders, is wholly unrealistic. The operative words of the order were as follows: 'The motion to dismiss the Third-Party complaint is granted, and It is Further Ordered that this case be and it is dismissed.' Plainly that is but one order . . . . [T]he court cannot pretend that it is not fully advised by this notice of appeal just what appellant was undertaking to appeal from. Obviously the appeal was directed at the dismissal of the case which was contained in, and a part of, the order 'entered on the 6th day of October, 1952'.

*Arizona*, 206 F.2d at 161-62 (Pope, J., dissenting) (alterations omitted). The Supreme Court summarily reversed the majority. *See United States v. Arizona*, 346 U.S. 907 (1953) (per curiam) (citing *Hoiness v. United States*, 335 U.S. 297 (1948)).

**[9]** The Tenth Circuit has similarly concluded that a notice of appeal which designates an unappealable order does not per se strip an appellate court of jurisdiction. *See Wright v. Am. Home Assur. Co.*, 488 F.2d 361, 363 (10th Cir. 1973). In *Wright*, the district court granted appellee's motion for a directed verdict, and denied appellant's motion for judgment

notwithstanding the verdict. *Id.* at 362. Although appellant's notice of appeal specifically sought review of the court's denial of the motion for judgment notwithstanding the verdict or for a new trial in the alternative (an unappealable order), both parties briefed the merits of the appeal and the "appellant's statement of issues . . . demonstrate[d] an intent to challenge the judgment." *Id.* at 363. The court concluded that "[i]t would be contrary to the spirit of the Federal Rules of Civil Procedure to deny appellant a decision on the merits because of a mere technicality." *Id.*

## III

**[10]** Applying these principles to our case, we first note that Le complied with Rule 3(c)(1)(A), so there is no jurisdictional bar from failure to identify an appellant in the notice of appeal. *See Torres*, 487 U.S. 316-17.

**[11]** We apply the two-part test we have developed for determining the effect of technical errors in the designation of the order appealed from in a notice of appeal under Rule 3(c)(1)(B). *See Lolli*, 351 F.3d at 414. In Le's case, we first consider whether Le's intent to appeal the district court's grant of the Commissioner's summary judgment motion "can be fairly inferred," *id.*, and whether the Commissioner "had notice of the issue on appeal," *Meehan*, 856 F.2d at 105. Here, the district court resolved the cross-motions for summary judgment in the same order on the same day, and based its decision on the same facts and legal issues. Le's notice of appeal indicates that he is appealing from this single order. *See Duran*, 904 F.2d at 1375 n.1 (inferring intent where the non-designated order was decided by the district court in the same order as that designated in the notice of appeal); *cf. Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 266 (5th Cir. 1991) (noting that a party is less likely to infer an intent to appeal a non-designated order where the order is "truly independent" from the designated order). Additionally, Le's opening brief indicates he is appealing from the grant of summary

judgment in favor of the Commissioner, and addresses the merits of the district court's grant of summary judgment in favor of the Commissioner. *See McCarthy v. Mayo*, 827 F.2d 1310, 1314 (9th Cir. 1987) (inferring plaintiff's intent to appeal the decision addressed in the opening brief, even though plaintiff's notice of appeal failed to designate the decision); *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 451 (9th Cir.1983) (same). Accordingly, we conclude that Le's intent to appeal the district court's grant of summary judgment was clear, and gave the Commissioner notice of the issue on appeal.

**[12]** We next consider whether the Commissioner was prejudiced by the mistake in the notice of appeal. *Lolli*, 351 F.3d at 414. The Commissioner fully briefed the issues raised by Le's challenge to the district court's grant of summary judgment. "Where the appellee has argued the merits fully in its brief, it has not been prejudiced by the appellant's failure to designate specifically an order which is subject to appeal." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991). Moreover, as in *Duran*, the Commissioner does not claim prejudice. *See* 904 F.2d at 1375 n.1. Both of these factors indicate that the Commissioner was not prejudiced.

Because both the intent and prejudice factors of our two-part test weigh in favor of Le, we construe Le's notice of appeal as meeting the requirements of Rule 3(c)(1)(B) and effectively challenging the district court's grant of summary judgment in favor of the Commissioner. We therefore have jurisdiction over Le's appeal.

IV

We conclude that under Supreme Court precedent, as well as our own, Le's mistake in appealing from the denial of his motion for summary judgment, rather than from the grant of the Commissioner's motion for summary judgment, does not

prevent us from exercising jurisdiction. Le's intent was clear and the Commissioner has suffered no prejudice from the mistake. Therefore, we have jurisdiction over Le's appeal and, for the reasons stated in a separately filed memorandum disposition concerning the merits of the appeal, AFFIRM the judgment of the district court.