MEMORANDUM ***
Vinh Le appeals from the district court’s order upholding the Administrative Law *554 Judge’s (“ALJ”) denial of social security disability benefits. We affirm.[1]
Le waived his argument that the ALJ erred in not recontacting his doctor or obtaining more medical records because he failed to raise it to the Appeals Council or the district court. See Greger v. Barnhart, 464 F.3d 968, 973 (9th Cir.2006). Even had he not waived this argument, it has no merit, because “[a]n ALJ’s duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.” Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir.2001). Here, the reports from Dr. Resnikoff and Dr. Sidrick regarding the improvement in Le’s physical condition were neither ambiguous nor inadequate.
Substantial evidence supports the ALJ’s determination that Le was not permanently disabled by a combination of orthopedic and pulmonary diseases. First, Dr. Resnikoff stated that Le’s pulmonary tests were largely normal. No doctor diagnosed Le with tuberculosis, and the record shows that Le continuously improved over the course of a nine-month treatment. Second, the ALJ’s conclusion that Le did not suffer an orthopedic impairment, notwithstanding Le’s back x-rays, is supported by substantial evidence, including evidence of numerous occasions where Le stated he had little or no back pain, multiple reports indicating he had a full range of motion, and the absence of a comprehensive orthopedic examination. In concluding that Le was not disabled by orthopedic or pulmonary impairments, the ALJ discussed numerous medical reports, including Le’s back x-rays. Therefore, the ALJ did not disregard key documents.
The ALJ did not err in finding that Le was not disabled on the basis of Listings 12.04 and 12.06. The ALJ’s conclusion that Le exhibited no symptoms of active psychosis, severe depression, or significant levels of anxiety aside from having an adjustment disorder with a depressed mood is supported by a number of psychiatric tests showing normal or unremarkable findings. See Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012-13 (9th Cir.2003); Gonzalez v. Sullivan, 914 F.2d 1197, 1200-01 (9th Cir.1990).
Further, the ALJ did not err in crediting the opinions of Le’s treating physicians Drs. Resnikoff and Pham, examining physician Dr. Engelhorn, and medical expert Dr. Bolter above the opinions of treating physicians Drs. Sidrick, Morgan, Zappone, Henderson, Grisolia, and DiCicco. The ALJ gave specific, legitimate reasons supported by the record for rejecting the opinions of those physicians, including that they failed to provide longitudinal medical support for their opinions, and that they provided opinions unsupported by objective medical evidence. Additionally, Drs. Henderson, Sidrick, and Morgan opined on matters unrelated to their specialities, and Drs. Henderson, DiCicco, and Morgan expressed opinions on matters for which they did not treat Le. These are specific, legitimate reasons for rejecting treating physicians’ opinions. See Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir.1989). Finally, the ALJ did not err in considering that Le had been referred to these doctors by his attorney, because an ALJ may properly consider the source and credibility of a medical opinion where there is no objective medical basis for it. *555 See Burkhart v. Bowen, 856 F.2d 1335, 1339 (9th Cir.1988).
The ALJ based his rejection of Le’s claims regarding his pain and physical limitations on the ALJ’s determination that Le lacked credibility. The ALJ’s credibility determination was supported by substantial evidence. First, the record indicates that Le reported that he was feeling better, his examinations remained unremarkable, and he responded well to conservative treatment. See Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir.2008). Second, Le made multiple inconsistent statements in the proceedings. The ALJ noted contradictory statements regarding Le’s literacy and ability to communicate in English. Additionally, after submitting reports from them, Le admitted that he did not know who Drs. Grisolia, Morgan, Zappone, or DiCicco were. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir.1997) (ALJ may properly consider inconsistencies within testimony or between testimony and conduct in weighing credibility). Third, the record reflects inconsistencies between Le’s claims regarding his capabilities and his doctors’ opinions of his capabilities. See id.; Greger, 464 F.3d at 972. Fourth, there is no medical evidence supporting Le’s claims, and “[ajlthough lack of medical evidence cannot form the sole basis for discounting pain [and symptom] testimony, it is a factor that the ALJ can consider in his credibility analysis.” Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir.2005). Because the ALJ’s credibility determination is supported by substantial evidence, the ALJ did not err in rejecting Le’s excess pain claims. “Where ... the ALJ has made specific findings justifying a decision to disbelieve an allegation and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision.” Morgan v. Comm’r of the Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir.1999) (internal quotation marks and alteration omitted).
 Finally, substantial evidence supports the ALJ’s conclusion that Le is capable of performing past relevant work. The ALJ’s determination that Le is able to perform simple, repetitive tasks and could perform in the context of a non-public environment with minimal contact with peers or supervisors is supported by the record. See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir.2005) (ALJ’s reliance on vocational expert’s testimony proper where hypothetical posed “contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record”); see also 20 C.F.R. §§ 404.1546, 404.1560; 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00C (2005) (discussing assessment of the severity of limitations). The ALJ’s rejection of Le’s subjective complaints as to his medication’s side effects is also supported by substantial evidence. Therefore, the ALJ did not err in rejecting Le’s argument that medication side effects prevented him from driving as required by his past relevant work. Bayliss, 427 F.3d at 1217.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. We consider only Le’s disability claim in this memorandum disposition. In a concurrently filed opinion, we addressed our jurisdiction over the appeal. See Le v. Astrue, 558 F.3d 1019 (9th Cir.2009).