**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



BRIAN J. BLUNDELL,

        Plaintiff - Appellant,

   v.

COUNTY OF LOS ANGELES,

        Defendant - Appellee.

No. 10-55298

D.C. No. 2:08-cv-02212-DDP-E

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted January 12, 2012**
Pasadena, California

Before:    REINHARDT and W. FLETCHER, Circuit Judges, and ZOUHARY,
District Judge.***

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

     ***     The Honorable Jack Zouhary, District Judge for the U.S. District
Court for Northern Ohio, sitting by designation.

Plaintiff-Appellant Brian Blundell appeals the dismissal of his § 1983 action against the County of Los Angeles as a sanction for violating three discovery orders.

On February 2, 2009, the County served its First Set of Interrogatories on Blundell. Blundell failed to respond by the March 9th deadline. After Blundell belatedly served inadequate responses on April 2, the magistrate judge ordered Blundell to supplement the answers within thirty days. Blundell failed to do so.

On September 21, the magistrate judge ordered Blundell to supplement his answers to the interrogatories within seven days. The judge also ordered Blundell to pay $50 in sanctions to the County (and his former attorney to pay $1,345 in sanctions). The judge warned Blundell of the possibility of dismissal of his action if he failed to comply with this discovery order. Blundell again failed to meet the deadline for supplementing his answers to the interrogatories.

On October 30, after a hearing on the County's third motion for sanctions, the judge ordered Blundell to serve supplemental answers immediately. The judge also ordered Blundell to pay $100 sanctions to the County. The judge again warned Blundell of the possibility of dismissal of his action if he failed to comply with this third discovery order. Blundell failed to serve supplemental answers to

the County's interrogatories at any time prior to the discovery cut-off date of November 16.

At a hearing on November 20, on the County's motion for dismissal , Blundell's attorney served supplemental answers to the County's interrogatories. No court has assessed the adequacy of these answers.

On December 1, the magistrate judge recommended, in a detailed written report to the district court, that Blundell's action against the County be dismissed as sanctions for violating three discovery orders.  The district court adopted the magistrate judge's recommendation and ordered dismissal of the action.

In a separate order of November 25, the district court denied Blundell's motion for a discovery continuance.

Jurisdiction

On February 26, 2010, Blundell filed a notice of appeal, *pro se*, specifying that he was appealing the judgment "entered 01/29/10."  The only entry on January 29, 2010 on the district court docket is the Order adopting the magistrate judge's recommendation of dismissal.  The district court did not enter final judgment until February 3, when it dismissed Blundell's suit against all the parties, including the County.  Because Blundell did not specify the February 3 judgment in his notice of appeal, the County contends this Court lacks jurisdiction.

3

We reject the County's contention. The Order of January 29, 2010, adopting the magistrate judge's recommendation that Blundell's action be dismissed, makes clear his intent to appeal the dismissal. *See Le v. Astrue*, 558 F.3d 1019, 1022 (9th Cir. 2009). Moreover, the County has fully briefed the merits of Blundell's appeal and so has not suffered prejudice from any mistake as to the date of final judgment. *See Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir. 1991) ("Where the appellee has argued the merits fully in its brief, it has not been prejudiced by the appellant's failure to designate specifically an order which is subject to appeal."). Finally, we can also address the merits of Blundell's appeal as to the denial of the continuance motion. *See Nat'l Am. Ins. Co. v. Certain Underwriters at Lloyd's London*, 93 F.3d 529, 540 (9th Cir. 1996) (permitting review of interlocutory order not designated in notice of appeal if such order "may have affected the outcome below").

Denial of Motion to Continue Discovery

"The district court is given broad discretion in supervising the pretrial phase of litigation, and its decision regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). Here, the district court did not abuse its discretion in denying the motion to continue discovery

4

because Blundell offers no evidence that he or his attorney was diligent in attempting to meet the discovery deadline. *Id.* at 609 (holding that diligence of party seeking amendment is primary justification for amending scheduling order). Blundell's contention that his prior counsel failed to conduct adequate discovery, serve all defendants, and amend the pleadings is inconsistent with a showing of diligence. *Id.* (holding that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief").

### Dismissal as a Sanction for Discovery Noncompliance

We review discovery sanctions for an abuse of discretion. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Here, the district court did not abuse its discretion to adopt the magistrate judge's report in the face of Blundell's noncompliant discovery. We apply a five factor test on review of a terminating sanction. First, the magistrate judge found that the public's interest in expeditious resolution of litigation favored dismissal, and we "defer to the district court's judgment about when delay becomes unreasonable." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006). Second, the judge also found that the court had a need to manage its docket, and "we give deference to the district court since it knows when its docket may become unmanageable." *Id.* at 1227 (internal quotations and citation

5

omitted). Third, Blundell's failure to produce supplemental answers to the interrogatories, as ordered, is sufficient to show prejudice to the County. *Id.* at 1227. Fourth, public policy favoring disposition on the merits generally weighs against dismissal, but a party, like Blundell, who stalls discovery and unreasonably delays reaching the merits must "bear responsibility for halting movements towards a merits resolution." *Id.* at 1237. Fifth, the court twice tried less drastic sanctions, ordered discovery compliance three times, and warned Blundell twice of possible dismissal if he failed to comply. Accordingly, we affirm the district court's dismissal of Blundell's action against the County.

For the foregoing reasons, the judgment below is **AFFIRMED.**