FILED

AUG 26 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. AZ-13-1438-TaPaKi |
| ) | |
| MICHAEL W. PERRY, ) | Bk. No. 08-04762 |
| ) | |
| Debtor. ) | Adv. No. 11-01556 |
| _____ ) | |
| MYCHELLE MOXLEY, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| MICHAEL W. PERRY, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Oral Argument[**]
on July 25, 2013

Filed – August 26, 2014

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable George B. Nielsen, Jr., Bankruptcy Judge, Presiding

Appearances:     Mychelle Moxley, pro se, on brief; Michael W.
Perry, pro se, on brief.

Before:  TAYLOR, PAPPAS, and KIRSCHER, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may
have (see Fed. R. App. P. 32.1), it has no precedential value.
See 9th Cir. BAP Rule 8013-1.

[**] On April 14, 2014, the Panel entered an order deeming
this appeal suitable for submission without oral argument.

Appellant Mychelle Moxley filed an adversary proceeding against Debtor Michael Perry, seeking a denial of discharge under various provisions of § 727(a).[1] Following the bankruptcy court's denial of her motion for summary judgment, Moxley moved for leave to amend her adversary complaint in order to add § 523(a) nondischargeability claims for relief. The bankruptcy court denied the motion, based on the doctrine of laches, and dismissed the adversary proceeding with prejudice. Within a four-day period, Moxley moved twice for reconsideration; the bankruptcy court denied those motions. Moxley, pro se, appeals from the judgment denying her second reconsideration motion. We AFFIRM the bankruptcy court.

## FACTS[2]

Moxley was previously in a relationship with the Debtor; the latter is in active military service. During the course of their relationship, Moxley co-signed on various car loans for the Debtor. She alleges that in November 2005, the loan proceeds from a second mortgage on her home were used to pay off the

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Moxley's excerpts of record were not consecutively paginated as required by 9th Cir. BAP Rule 8009(b)-1(b)(2); she also neglected to include key documents. We, thus, exercised our discretion to take judicial notice of documents electronically filed in the adversary proceeding and underlying bankruptcy case. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).
Many of the facts are taken from the many pleadings, motions, papers, orders, judgments, minute entries, and audio files filed on the bankruptcy case and adversary proceeding dockets.

Debtor's then outstanding debt. The record before the bankruptcy court did not include evidence of a promissory note or a written contract governing repayment or other terms of Moxley's alleged loans to the Debtor.[3]

The relationship eventually disintegrated, and Moxley commenced a collection action against the Debtor in Arizona state court.[4] In April of 2008 and while that action was pending, the Debtor filed a chapter 7 bankruptcy case. For reasons that the parties later disputed,[5] the Debtor did not schedule Moxley as a creditor; Moxley did not otherwise obtain notice of the bankruptcy filing. The Debtor subsequently obtained a chapter 7 discharge.

In March 2009, after learning of the bankruptcy case in the

[3] Moxley attached one page of a "formal agreement" with the Debtor to her excerpts of record on appeal. In a note to the exhibit, Moxley alleged that, although she did not have the remainder of the agreement, the Debtor did. The agreement is dated September 5, 2005 and provides that the Debtor agreed to pay Moxley installment payments of $138.92 for 84 months based on a personal loan of $11,669.95. If this document is genuine, a determination we do not make, it is both incomplete and otherwise inadequate to govern Moxley's total claim in the alleged amount of more than $60,000. More importantly, however, there is no evidence that Moxley presented this particular document to the bankruptcy court. Thus, we do not consider it further on appeal.

[4] While the record is unclear, it appears that sometime after the bankruptcy filing, the state court action was dismissed for lack of prosecution. Later in 2010, Moxley commenced a second (and identical) action against the Debtor in state court. While Moxley at one point claimed that she obtained a default judgment in the second state court action, the only evidence on the record is inconsistent with this assertion. In fact, the record indicates the state court denied entry of default and designated the matter as inactive and subject to dismissal.

[5] According to the Debtor, at the time of filing, his attorney advised him not to list Moxley as a creditor as there was no judgment in the state court action. As the Debtor pointed out to the bankruptcy court, however, the state court action was listed in his statement of financial affairs.

- 3 -

state court action, Moxley filed a proof of claim in the amount of $68,564.02 and based on a "money loan & car loan."  The Debtor then amended his schedule F and included Moxley as an unsecured creditor with a claim in the amount of $62,619.90.

In March 2011, the chapter 7 trustee filed a final report, which proposed a pro rata distribution to Moxley.  Moxley received notice of the final report, failed to object, and received a distribution of $2,374.20.

Nearly four months later, Moxley withdrew her proof of claim, filed a motion in the bankruptcy case, stating that she was an omitted creditor, and, thus, sought an order deeming her claim nondischargeable.  The bankruptcy court set the matter for hearing.  In the interim, Moxley filed yet another document, this time asserting that the Debtor failed to properly disclose a personal injury action then pending in Arizona state court and a $30,000 military bonus that he received soon after his bankruptcy filing.

Moxley obtained permission to file an adversary proceeding and did so within the time period set by the bankruptcy court. The adversary complaint alleged that the Debtor had engaged in fraud in connection with the bankruptcy case and objected to the Debtor's discharge under § 727(a)(2)(A) and (B), (a)(3), and (a)(4)(A) and (D).  The adversary complaint also contained copied and pasted partial provisions of § 523(a)(2) and (a)(3) and Rule 7034 (incorporating Civil Rule 34 into adversary proceedings).  It did not, however, include any reference to the events related to the alleged loans.

Moxley next applied for and obtained an entry of default

- 4 -

and, eventually, a default judgment. The bankruptcy court thereafter vacated the Debtor's discharge.

Ten months later, in October 2012, the Debtor moved to vacate the default judgment, based on alleged military deployment during the litigation and in reliance on the Servicemembers Civil Relief Act. After the matter was heard in November 2012, the bankruptcy court entered an order reopening the bankruptcy case and reappointing the chapter 7 trustee.

Moxley then moved for summary judgment in the reinstated adversary proceeding. The Debtor opposed. At the summary judgment hearing, the bankruptcy court denied the entirety of Moxley's motion for summary judgment, on its own motion set a subsequent hearing on whether the adversary proceeding should be dismissed, and advised Moxley that it would dismiss the adversary proceeding if she did not respond.

Rather than file a response, as instructed by the bankruptcy court, Moxley moved for leave to amend the adversary complaint so as to add claims for relief under § 523(a)(2), (a)(4), and (a)(6). Her claims were based on alleged intentional infliction of emotional distress, false advertisement, breach of contract, intentional infliction of mental suffering, and breach of the implied covenant of good faith and fair dealing. These claims were all based on the alleged loans.

The bankruptcy court, after two hearings and supplemental briefing, denied Moxley's request for leave to amend based on the doctrine of laches. It noted that Moxley also had problems with relation back of her new claims for relief to the original adversary complaint, but ultimately did not rely on futility

given its concerns about the implications of § 523(a)(3)(B). The bankruptcy court dismissed the adversary proceeding with prejudice and afterward entered a judgment confirming its ruling.

Undeterred, Moxley moved for reconsideration, a rehearing under Rule 8015, and clarification of the final judgment ("First Reconsideration Motion"). Just four days later, she moved for leave to amend under Civil Rule 15, reargument and reconsideration, and a rehearing under Rule 8015 ("Second Reconsideration Motion"). In the second motion, Moxley asserted both a lack of undue delay and prejudice to the Debtor in granting her leave to amend the adversary complaint.

The bankruptcy court denied both reconsideration motions. Moxley timely appealed from the order on the Second Reconsideration Motion.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(J). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE[6]

Did the bankruptcy court abuse its discretion when it denied the Second Reconsideration Motion?

## STANDARD OF REVIEW

We review a decision on a motion to alter or amend a judgment under Civil Rule 59(e) (incorporated into bankruptcy proceedings by Rule 9023) for an abuse of discretion. Heritage Pac. Fin., LLC v. Montano (In re Montano), 501 B.R. 96, 105

---

[6] Moxley lists approximately 47 issues on appeal. Most of those issues are actually factual allegations and statements.

- 6 -

(9th Cir. BAP 2013).

Review of an abuse of discretion determination involves a two-pronged test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. See United States v. Hinkson, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). If not, then the bankruptcy court necessarily abused its discretion. See id. at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous; we will affirm unless its findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See id.

We may affirm on any basis supported by the record. Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC), 481 B.R. 34, 44 (9th Cir. BAP 2012).

**DISCUSSION**

**A.    Threshold issues.**

At the outset, we address two threshold issues. First, our review of the record shows that there was never a formal order vacating or setting aside the default judgment in the adversary proceeding. According to the bankruptcy court's statements at a June 2013 hearing, it vacated the default judgment at the hearing on the Debtor's motion to vacate default judgment; neither a transcript nor an audio file of the latter hearing exists in the record or on the bankruptcy case docket.

In any event, the bankruptcy court's subsequent orders and judgments in the adversary proceeding effectively superseded the default judgment. The bankruptcy court's denial of summary

judgment on Moxley's § 727 claims was clearly inconsistent with a default judgment on the same claims. And, in the order denying Moxley's First Reconsideration Motion, the bankruptcy court noted that Moxley "complain[ed] that not all of [Debtor's] misdeeds were taken into account **when the court subsequently vacated default judgment**." Adv. ECF No. 66 at 2 (emphasis added). All things considered, the default judgment was vacated.

Second, Moxley dedicates a number of issues on appeal and a significant portion of her brief in arguing, directly and indirectly, that the bankruptcy court erred by: (1) vacating the default judgment; (2) denying the § 727 claims in her summary judgment motion; and (3) dismissing the adversary proceeding. Both a vacation of default judgment and denial of summary judgment are interlocutory and not final for appeal purposes until trial or dismissal of an adversary proceeding. Here, that occurred when the bankruptcy court entered the judgment dismissing the adversary proceeding with prejudice. But, Moxley immediately moved for reconsideration, thereby tolling the time to appeal. See Fed. R. Bankr. P. 8002(b)(2).

Moxley's notice of appeal, however, provided that she appealed only from the judgment entered on August 27, 2013, denying the Second Reconsideration Motion; she attached that judgment. The Second Reconsideration Motion related only to her request for leave to amend the adversary complaint. Pursuant to Federal Rule of Appellate Procedure 3(c)(1)(B),[7] an appellant

---

[7] Pursuant to BAP Rule 8018(b)-1, the Panel exercises its discretion and applies Federal Rule of Appellate

continue...

- 8 -

must designate the judgment or order being appealed in his or her notice of appeal. This rule is liberally construed in the Ninth Circuit; thus, "[w]hen a party seeks to argue the merits of an order that does not appear on the face of the notice of appeal, we consider: (1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." Le v. Astrue, 558 F.3d 1019, 1022-23 (9th Cir. 2009) (internal quotation marks omitted). In considering intent and prejudice, we consider whether the appellee had notice of the issue on appeal and an opportunity to fully brief the issue. See id. at 1023.

Here, the first factor militates in favor of Moxley; we can infer Moxley's intent to appeal from the vacation of default judgment, the denial of summary judgment, and dismissal as she discusses the merits of those decisions in her brief on appeal and in her statement of issues on appeal. She also attached to her notice of appeal a prior judgment dismissing the adversary proceeding.

Nonetheless, under these circumstances, the second factor weighs in favor of the Debtor. The Ninth Circuit has determined that a lack of prejudice to an appellee exists where the appellee fully briefed the procedurally deficient issue on appeal or was provided sufficient opportunity to fully brief the notice issue. See Le v. Astrue, 558 F.3d at 1022-23; Ahlmeyer v. Nev. Sys. of Higher Educ., 555 F.3d 1051, 1055 (9th Cir. 2009); One Indus.,

[7]...continue
Procedure 3(c)(1)(B) to this particular case.

LLC v. Jim O'Neal Distrib., Inc., 578 F.3d 1154, 1159 (9th Cir. 2009); Knievel v. ESPN, 393 F.3d 1068, 1072 n.2 (9th Cir. 2005); Lolli v. Cnty. of Orange, 351 F.3d 410, 414 (9th Cir. 2003); McCarthy v. Mayo, 827 F.2d 1310, 1314 (9th Cir. 1987); Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1481 (9th Cir. 1986), aff'd, 488 U.S. 347 (1989).

Here, the Debtor, like Moxley, is pro se on appeal. In his appellate brief, the Debtor did not respond to or brief the various issues raised by Moxley; instead, his appellate brief focused solely on reconsideration and the denial of leave to amend. Moreover, this appeal was designated for submission on the briefs, which Moxley expressly agreed to. As a result, the Debtor lacked the opportunity to further address those issues in oral argument.

None of the previously cited Ninth Circuit cases involved a pro se appellee. Although "[w]e make reasonable allowance[s] for pro se litigants and construe their papers liberally," see Ozenne v. Bendon (In re Ozenne), 337 B.R. 214, 218 (9th Cir. BAP 2006), we must also take care to balance that convention as to both the pro se appellant and appellee. Given the generally incoherent nature of Moxley's appellate brief and the Debtor's pro se status on appeal, it is impossible for us to conclude that the Debtor had appropriate notice of the other issues raised by Moxley and a meaningful opportunity to fully respond. Our consideration of the vacation of default judgment, denial of summary judgment, and dismissal, thus, would result in significant prejudice to the Debtor. Therefore, we do not review or consider those decisions.

**B. The bankruptcy court did not abuse its discretion in denying Moxley's second reconsideration motion.**

On appeal, Moxley fails to explain how the bankruptcy court abused its discretion in denying the Second Reconsideration Motion. As a result, she waived this issue for the purposes of appeal. See Fadel v. DCB United LLC (In re Fadel), 492 B.R. 1, 18 (9th Cir. BAP 2013). We, thus, may affirm the bankruptcy court.

Nonetheless, even if we considered the issue on the merits, the record supports the bankruptcy court's decision. In order to obtain relief from a judgment under Civil Rule 59(e), the movant must show: (1) the existence of newly discovered evidence; (2) that the bankruptcy court committed clear error or made an initial decision that was manifestly unjust; or (3) that there was an intervening change in controlling law. In re Montano, 501 B.R. at 112. Moxley does not assert the existence of newly discovered evidence or an intervening change in controlling law. Thus, we only focus on the second basis for relief.

The bankruptcy court denied Moxley's Second Reconsideration Motion as "a duplicative and cumulative repetition of her first motion for reconsideration," referencing its concurrently filed order denying the First Reconsideration Motion. In that order, it responded to Moxley's assertion that it did not properly review all of the documents filed in denying her request for leave to amend the adversary complaint. Properly applying Civil Rule 59(e), the bankruptcy court determined that Moxley's papers in the bankruptcy case - filed prior to the adversary proceeding - failed to sufficiently allege the § 523 claims for relief such

- 11 -

that they should be deemed incorporated into her adversary complaint. And it emphasized that, while some of Moxley's papers contained some § 523 verbiage, her papers, adversary complaint, and motion for summary judgment, in substance, focused exclusively on the § 727 claims.

In the Second Reconsideration Motion, Moxley recited the standard for leave to amend under Civil Rule 15 and asserted a lack of undue delay or prejudice in allowing her to file an amended adversary complaint. These arguments, however, were better suited for the motion for leave to amend, rather than the motion to reconsider. But, to the extent that Moxley's assertions related to the bankruptcy court's laches determination, Moxley fails to demonstrate that the bankruptcy court committed clear error or made an initial decision that was manifestly unjust such that it abused its discretion when it denied reconsideration.

The bankruptcy court denied the motion for leave to amend based on the doctrine of laches. It noted that, rather than responding to its stated concerns and instructions regarding the pending § 727 claims, Moxley asserted yet another § 727 claim[8] and the § 523 claims for relief. Relying on Beaty v. Selinger (In re Beaty), 306 F.3d 914 (9th Cir. 2002), the bankruptcy court determined that Moxley's delay of more than four years in bringing these claims for relief was both unreasonable and prejudicial to the Debtor. It noted that "[a]ll of these claims existed -- to the extent they actually exist -- they would have

---

[8] Moxley made a single conclusory reference to § 727(a)(5) in the motion for leave to amend. See Adv. ECF No. 52 at 12.

- 12 -

existed at the time she first became active in this case in March of 2009" or, at the very least, at the time that she commenced the adversary proceeding. Hr'g Tr. (Aug. 20, 2013) at 7:17-22. It also determined that the delay in bringing the § 523 claims for relief was prejudicial to the Debtor insofar as it delayed resolution as to whether a large debt was discharged.

In Beaty, the Ninth Circuit held that, based on the particular circumstances, the doctrine of laches – as an equitable limitation based on prejudicial delay – was available as a defense in a § 523(a)(3)(B) and Rule 4007(b) context. 306 F.3d at 922-23. Application of laches requires proof of: (1) a lack of diligence by the party against whom the defense is asserted; and (2) prejudice to the party asserting the defense. Id. at 926. As the bankruptcy court determined here, those elements were satisfied.

The record supports the determination that Moxley did not diligently prosecute her § 523 claims for relief. She was aware of the bankruptcy case in March 2009 when she timely filed a proof of claim. Two years later, in March 2011, the chapter 7 trustee filed a final report, and Moxley did not object. She, in fact, subsequently received a distribution as an unsecured creditor. It was not until August 2011, however, that Moxley, for the first time, raised concerns about discharge.

Moxley commenced an adversary proceeding the following month – almost two and a half years after she filed her proof of claim. The adversary complaint contained just two references to the alleged loans: "This is a request that the debtor be ordered to pay for the $68,564.02 loan at 8.6% revolving interest as stated

in the 2nd mortgage on my property" and "I am requesting that this debtor pay the sum of $650.00 as stated in the original loan." Adv. ECF No. 1 at 1. The adversary complaint did not squarely raise any claims for relief under § 523. Given that Moxley allegedly made the loans in 2005, however, she clearly was aware of facts giving rise to her alleged § 523 claims for relief when she commenced the adversary proceeding in September 2011.

Only when the bankruptcy court denied her summary judgment motion almost two years later did Moxley make any effort to amend the adversary complaint and properly assert the § 523 claims for relief. And, contrary to Moxley's belief, mere reference to § 523(a)(2), (a)(4), or (a)(6) in her summary judgment motion neither properly asserted nor preserved those claims for relief. As it took Moxley over four years to squarely assert the new claims for relief, the bankruptcy court correctly found that Moxley engaged in unreasonable delay.

The bankruptcy court also correctly found significant prejudice to the Debtor. The Debtor's discharge had been in question for over four years. The bankruptcy court appropriately considered that the Debtor's defense against Moxley's adversary proceeding was hampered by his military duties.[9] As a result, the bankruptcy court did not err in concluding that requiring the Debtor to defend against new claims at this later date would be unduly prejudicial.

_____

[9] Moxley asserts that she obtained the Debtor's military record through a Freedom of Information Act request, which she alleges shows that he was not deployed during the dates and times that he so asserted to the bankruptcy court and Arizona state court. It appears that she did not present this particular evidence to the bankruptcy court; thus, we do not consider it.

- 14 -

Moxley failed to show error in the bankruptcy court's decision to deny reconsideration of its denial of leave to amend the adversary complaint. As such, the bankruptcy court did not abuse its discretion in denying the Second Reconsideration Motion.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court.