NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAM NEHARA, | No. 14-15860 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-00491-JLT |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, an agency of the State of California, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, Magistrate Judge, Presiding

Argued and Submitted April 15, 2016
San Francisco, California

Before:    **WALLACE**, **SCHROEDER** and **KOZINSKI**, Circuit Judges.

   **1.** Nehara appealed from the order granting relief from judgment under

Federal Rule of Civil Procedure 60, but he failed to appeal from the evidentiary

order or from the final judgment.  When "a party seeks to argue the merits of an

---

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

order that does not appear on the face of the notice of appeal," we consider two factors: "(1) whether the intent to appeal a specific judgment can be fairly inferred and (2) whether the appellee was prejudiced by the mistake." Le v. Astrue, 558 F.3d 1019, 1022–23 (9th Cir. 2009). In a Rule 28(j) letter filed after argument, Appellee conceded that Nehara's intent can be fairly inferred and that his mistake caused no prejudice. We therefore "construe [Nehara's] notice of appeal as meeting the requirements" of the Federal Rules of Appellate Procedure despite its "technical errors." Id. at 1024–25.

**2.** When deposed, Nehara denied that he held any jobs after 2009. Following the jury verdict in favor of Nehara, the executive director of a healthcare facility in Canada, Karen Carnes, filed a declaration representing that Nehara worked for that facility between 2011 and 2013. Given this new information, Appellee moved for relief from judgment under Rule 60(b). Nehara didn't contest the truth of the Carnes declaration, but he argued that relief from judgment was improper because the new information went only to damages and not to liability.

The magistrate judge didn't abuse her discretion by granting the 60(b) motion. Nehara's lies regarding his past employment evince a scheme to defraud the court and call the jury's findings into serious doubt. It was entirely reasonable

for the magistrate judge to conclude that the outcome of the trial would likely have been different if the new information had been available to the jury. Thus, relief from judgment was proper under Rule 60(b). See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc., 833 F.2d 208, 211 (9th Cir. 1987).

**3.** Nehara argues that the magistrate judge committed reversible error by granting Appellee's Rule 60(b) motion based on information submitted in response to an improper subpoena. Appellee served a subpoena on the Canadian healthcare facility well after the discovery cut-off date and without providing notice to Nehara. Even assuming that the subpoena was procedurally improper, Appellee has carried its burden of showing that the error was harmless. See Obrey v. Johnson, 400 F.3d 691, 701 (9th Cir. 2005).

There is no doubt that Carnes's information would have reached the district court even if no subpoena were ever issued. Carnes contacted the district court with information about Nehara's Canadian employment on June 5, 2013. Carnes emailed counsel for Appellee on that same day. The subpoena was not issued until June 12, 2013. Moreover, we have been cited no Ninth Circuit authority indicating that suppression is an available remedy for an improper subpoena issued in a civil case.

**4.** Nehara's motion to strike portions of Appellee's answering brief is granted in part and denied in part. Footnote 2 is stricken because it refers without citation to various disputed facts. <u>See</u> 9th Cir. R. 28–2.8. The final paragraph on page 4 is permissible because it explains this case's procedural posture.

**AFFIRMED.**