NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HECTOR M. CARDONA,

               Petitioner - Appellant,

v.

JASON ELLIS; LAWRENCE G.
WASDEN,

               Respondents - Appellees.

No. 13-35199

D.C. No. 1:11-cv-00651-EJL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted February 3, 2016
Seattle, Washington

Before: **KOZINSKI**, **O'SCANNLAIN** and **GOULD**, Circuit Judges.

Assuming that Cardona's one-year period to file a federal habeas petition
only began after his direct-appeal window closed, his federal petition is
nevertheless untimely. Cardona didn't show that he was entitled to equitably toll
the eleven days after the Idaho Supreme Court denied his postconviction petition

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and before he filed his federal petition. For one, he didn't argue that he had been "pursuing his rights diligently" during that time period. Holland v. Florida, 560 U.S. 631, 649 (2010).

Nor did he show that "some extraordinary circumstance" during those days frustrated his ability to file a federal petition. Id. Cardona raised an equitable tolling argument for the first time in his Rule 59(e) motion to alter or amend the district court's February 12, 2013 judgment. He argued for tolling because his former counsel failed to timely notify him of the denial of his postconviction petition. But he did not file an amended notice of appeal separately challenging the district court's denial of the Rule 59(e) motion as our rules require. Fed. R. App. P. 3(c)(1)(B); 4(a)(4)(A)(iv), (B)(ii). Nor did Cardona mention the Rule 59(e) motion or the equitable-tolling argument based on his former counsel's conduct in his brief on appeal, so the state couldn't address that issue. See Le v. Astrue, 558 F.3d 1019, 1022–23 (9th Cir. 2009). And Cardona waived the argument that his lack of actual notice amounted to an "extraordinary circumstance" by raising it for the first time on appeal. See In re Mercury Interactive Corp. Secs. Litig., 618 F.3d 988, 992 (9th Cir. 2010).

**AFFIRMED.**