**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 21 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEN SHEPPARD, an individual, | No.   16-56622 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-02920-SJO-JC |
| v. | |
| COUNTY OF LOS ANGELES, a local public entity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted October 18, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and BATAILLON,**
District Judge.

In this action, Ken Sheppard raises 42 U.S.C. § 1983 claims against the

County of Los Angeles, Sergeant Booker Hollis of the Los Angeles County Sheriff's

Department, and Sheriff's Deputies Tai Plunkett, Caroline Rodriquez, and Bonnie

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Joseph F. Bataillon, United States District Judge for the
District of Nebraska, sitting by designation.

Hanson.[1] After the district court dismissed the claims against Hollis and the County, the jury returned defense verdicts on Sheppard's claims against Plunkett, Rodriquez, and Hanson. On appeal, Sheppard challenges the district court's denial of his request to withdraw admissions under Federal Rule of Civil Procedure 36, the formulation of a jury instruction, and the denial of his summary judgment motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[2]

1. The district court did not abuse its discretion in denying Sheppard's belated motion to withdraw admissions under Federal Rule of Civil Procedure 36(b). The court reasonably found that Defendants relied on the admissions for nearly seven months, would have been prejudiced at trial by having forgone discovery on the admitted matters, and Sheppard failed to show good cause for his delay in seeking relief. *See Conlon v. United States*, 474 F.3d 616, 621–25 (9th Cir. 2007); Fed. R. Civ. P. 36(b).

2. The district court did not abuse its discretion in giving Jury Instruction 21, which stated that the jury "may" accept as true certain matters deemed admitted

[1] Sheppard does not challenge the district court's dismissal without prejudice of his state law claims.

[2] Contrary to Defendants' assertions, Sheppard's notice of appeal was not defective under Federal Rule of Appellate Procedure 3(c)(1)(B) for lack of specificity. Defendants received ample notice of the issues on appeal from Sheppard's opening brief and they fully responded to his arguments. *See Le v. Astrue*, 558 F.3d 1019, 1022–24 (9th Cir. 2009).

2

because of Sheppard's failure to timely respond to requests for admission. The bulk of the admissions at issue concerned factual matters, and any admissions that arguably pose legal conclusions only related to Sheppard's dismissed state tort claims or his alleged damages on the federal claims.

3. We lack jurisdiction to review the denial of Sheppard's motion for summary judgment. *See Williams v. Gaye*, 895 F.3d 1106, 1122 (9th Cir. 2018) (citing *Ortiz v. Jordan*, 562 U.S. 180, 183–84 (2011)).

**AFFIRMED.**