**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, Trustee for the GSAA Trust Mortgage Pass-Through Certificates, Series 2006-8, | No.  17-16568 |
| | D.C. No. 2:15-cv-01139-JCM-PAL |
| Plaintiff-counter-defendant-Appellant, | |
| v. | MEMORANDUM[*] |
| TALASERA AND VICANTO HOMEOWNERS' ASSOCIATION; SFR INVESTMENTS POOL 1, LLC, | |
| Defendants-Appellees, | |
| v. | |
| NATIONSTAR MORTGAGE LLC; BANK OF AMERICA, NA, | |
| Cross-defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 14, 2020[]
San Francisco, California

Before:  IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

Deutsche Bank National Trust Company as Trustee for the GSAA Trust Mortgage Pass-Through Certificates, Series 2006-8, Nationstar Mortgage, LLC, and Bank of America, N.A. (collectively referred to as the "Banks"), appeal the district court's grant of summary judgment for SFR Investments Pool 1, LLC (SFR) and Talasera & Vicanto Homeowners' Association (the HOA).  We have jurisdiction under 28 U.S.C. § 1291.

Because the district court disposed of this case on cross-motions for summary judgment, we may review the district court's denial of the Banks' motion for summary judgment.  *See Redevelopment Agency of Stockton v. BNSF Ry. Co.*, 643 F.3d 668, 672 (9th Cir. 2011).  Viewing the evidence in the light most favorable to SFR and the HOA, the evidence establishes that Bank of America's

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

tender satisfied the superpriority portion of the HOA's lien.[1]  The tender was valid,

even though it was conditional, because Bank of America "had a legal right to

insist" on the condition included in its tender offer.  *Diamond Spur*, 427 P.3d at

118.  Because the Banks' notice of appeal and opening brief clearly indicated that

the Banks were appealing the district court's order granting summary judgment for

the HOA, the Banks did not waive that claim.  *See Le v. Astrue*, 558 F.3d 1019,

1022–24 (9th Cir. 2009).  Therefore, the district court erred in not granting the

Banks summary judgment on the quiet title claim.  *See Arlington West*, 920 F.3d at

623.[2]

   **REVERSED.**

---

[1] When the district court ruled, it did not have the benefit of the Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) (en banc) ("*Diamond Spur*"), and our decision in *Bank of America, N.A. v. Arlington West Twilight Homeowners Association*, 920 F.3d 620, 623 (9th Cir. 2019) ("*Arlington West*"), which held that the holder of a first deed of trust can preserve its interest by tendering "the superpriority portion of the HOA's lien," which "consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement," *Arlington West*, 920 F.3d at 623 (citing *Diamond Spur*, 427 P.3d at 117–18).

[2] Because we reverse the district court's ruling on these grounds, we do not reach the Banks' other arguments.