**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIS C. MCALLISTER,<br><br>     Plaintiff-Appellant,<br><br>  v.<br><br>CURTIS L. BRUNK; ADECCO USA, INC.; TRANE U.S. INC.,<br><br>     Defendants-Appellees. | No.   18-17393<br><br>D.C. No.<br>1:16-cv-00447-DKW-KJM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted July 20, 2020**

Before:  O'SCANNLAIN, TROTT, and N.R. SMITH, Circuit Judges.

Willis McAllister filed a Motion to Correct the Record on Appeal (Docket

Entry No. 9), which the Appellate Commissioner construed as his opening brief.

He argues that the district court erred by denying him leave to amend his

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

complaint. The facts are known to the parties, so we do not repeat them here.

In his notices of appeal, McAllister failed to list the district court orders denying his motions to amend his complaint. Adecco USA, Inc. and Curtis Brunk argue that, as a result of McAllister's error, we cannot reach the merits of his argument. *See* Fed. R. App. P. 3(c)(1)(B). However, we "apply Rule 3(c) in a non-technical manner," *Le v. Astrue*, 558 F.3d 1019, 1022 (9th Cir. 2009), focusing on "whether the affected party had notice of the issue on appeal . . . [and] an opportunity to fully brief the issue," *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1481 (9th Cir. 1986). Because McAllister raised the leave-to-amend issue in his putative opening brief and the appellees were able to respond in their answering briefs, we conclude that McAllister's error does not deprive us of jurisdiction.

McAllister claims that the district court did not allow him to file a first amended complaint, which he contends was an abuse of discretion. However, the record reflects otherwise. The district court did accept McAllister's first amended complaint after striking the three new defendants (and all claims against them) that he had added without the court's permission. Because McAllister did not have a right to add new defendants without seeking leave of the court, we conclude that there was no abuse of discretion. *See* Fed. R. Civ. P. 15(a)(2).

McAllister filed two motions for leave to file a second amended complaint.

The first was denied because McAllister failed to include a proposed pleading, as required by the court's local rules. The second was denied because the district court concluded that his claims were either futile as time-barred or futile as pled. Because McAllister offers no argument as to why either decision was an abuse of discretion, he abandoned the issue. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

We do not consider the arguments concerning the grant of summary judgment made in the Equal Employment Opportunity Commission's amicus brief because McAllister did not raise that issue in his opening brief. *See Zango, Inc. v. Kaspersky Lab, Inc.*, 568 F.3d 1169, 1177 n.8 (9th Cir. 2009); *United States v. Gementera*, 379 F.3d 596, 607 (9th Cir. 2004).

McAllister's Motion to Correct the Record on Appeal, filed with this court on August 5, 2019, and construed as his opening brief, is DENIED.

**AFFIRMED.**