**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DITECH FINANCIAL LLC, FKA Green Tree Servicing LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br>     Plaintiffs-counter-defendants-Appellees, <br><br>  v. <br><br> TALASERA AND VICANTO HOMEOWNERS' ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., <br><br>     Defendants, <br><br>  and <br><br> DUTCH OVEN COURT TRUST, <br><br>     Defendant-counter-claimant-Appellant. | No.   20-15066 <br><br> D.C. No. <br> 2:16-cv-02906-JAD-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted April 13, 2021[]
Pasadena, California

Before:  PAEZ and VANDYKE, Circuit Judges, and GLEASON,[***] District Judge.

Defendant-Appellant Dutch Oven Court Trust ("Dutch Oven") attempts to appeal the district court's grant of summary judgment to Plaintiffs-Appellees Ditech Financial LLC and Fannie Mae in their quiet-title action. However, because Dutch Oven failed to timely file a valid notice of appeal with the district court, we lack jurisdiction over this appeal. We therefore dismiss the appeal pursuant to Federal Rules of Appellate Procedure 3(c) and 4(a).

A valid notice of appeal must "specify the party or parties taking the appeal by naming each one in the caption or body of the notice" and "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(A)–(B). "[T]he notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). In this case, the district court entered judgment on December 13, 2019. The 30th day from entry of judgment was Sunday, January 12, 2020. By

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

rule, the deadline extended to Monday, January 13, 2020. *See* Fed. R. App. P. 26(a)(1)(C).

On January 13, 2020, Dutch Oven filed a putative notice of appeal that failed to comply with the content requirements of Rule 3(c). The putative notice listed the wrong plaintiffs, the wrong defendants, the wrong case number, the wrong judgment, and the wrong judgment date. While a "technical error in a notice of appeal does not deprive [this court] of jurisdiction," we have reiterated the Supreme Court's admonition that "failure to name a party in a notice of appeal is more than excusable informality, but rather, 'it constitutes a failure of that party to appeal.'" *Le v. Astrue*, 558 F.3d 1019, 1022–23 (9th Cir. 2009) (citation omitted) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 314 (1988)). We decline Dutch Oven's invitation to treat these deficiencies as technical errors.

Dutch Oven contends that its amended notice of appeal cured any defects in the initial, defective notice of appeal. The amended notice, however, was filed on January 14, 2020 and was, therefore, untimely under Rule 4(a).[1] "[B]ecause the time constraints outlined in Rule 4(a) implement the limitations Congress imposed on this Court by statute, [this Court] must dismiss civil appeals that are untimely

---

[1] Dutch Oven did not file a motion for extension of time to file the notice of appeal as authorized by Fed. R. App. P. 4(a)(5).

for lack of jurisdiction . . . ." *United States v. Sadler*, 480 F.3d 932, 937 (9th Cir. 2007). Thus, we dismiss Dutch Oven's appeal for lack of jurisdiction.[2]

      **DISMISSED.**

---

[2] Plaintiffs' motion to dismiss, Dkt. No. 32, is denied as moot.