**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

|  |  |
|---|---|
| In re: <br> EDUARDO ENRIQUE VALLEJO, <br>            Debtor. | BAP No.  CC-23-1107-GCS <br><br> Bk. No. 1:11-bk-13296-VK |
| EDUARDO ENRIQUE VALLEJO, <br>            Appellant, <br> v. <br> FEDERAL NATIONAL MORTGAGE <br> ASSOCIATION, <br>            Appellee. | Adv. No. 1:23-ap-01010-VK <br><br> **MEMORANDUM**<sup>*</sup> |

Appeal from the United States Bankruptcy Court
for the Central District of California
Victoria S. Kaufman, Bankruptcy Judge, Presiding

Before: GAN, CORBIT, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Eduardo Enrique Vallejo ("Debtor") reopened his 2011 chapter 7[1]

case to file an adversary complaint against Federal National Mortgage

---

       * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

       [1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

Association ("Fannie Mae") for alleged violations of the Truth in Lending Act ("TILA") and the discharge injunction. The bankruptcy court denied Debtor's request for a preliminary injunction to stop a foreclosure sale, and it dismissed his complaint with prejudice.

Debtor appeals from the order denying an injunction, but he makes no argument relevant to that order. He did not file an amended notice of appeal to include the order dismissing his complaint, but we liberally construe his pro se brief and arguments and consider his appeal also to pertain to the dismissal order. We find no error in the court's decision. We AFFIRM.

## FACTS[2]

### A.  Debtor's bankruptcy cases

In 2004, Debtor, his wife, and his parents borrowed $315,000 from GMAC Mortgage Corporation ("GMAC") to refinance an existing mortgage on their home in Burbank, California (the "Property"). They executed a promissory note and deed of trust in favor of GMAC with Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee. The deed of trust was recorded in November 2004, and it was subsequently assigned several times.[3]

---

[2] We exercise our discretion to take judicial notice of documents electronically filed in the adversary proceeding and main bankruptcy case. *See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)*, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] MERS assigned the deed of trust to GMAC on June 11, 2010. GMAC assigned the deed of trust to Green Tree Servicing, LLC ("Green Tree") on May 21, 2013. On

In 2011, Debtor filed a chapter 7 petition. He did not list any claim arising from the loan or deed of trust, or against the lender or servicer of the loan. Debtor received a discharge, and the court closed the case in November 2011.

In 2016, Debtor filed a chapter 13 petition. After the bankruptcy court confirmed Debtor's plan, US Bank, the then holder of the deed of trust, obtained stay relief to commence a trustee's sale. Debtor appealed the decision, arguing that US Bank lacked standing to enforce the deed of trust based on a litany of alleged infirmities in the note and deed of trust and the assignments. *Vallejo v. U.S. Bank Trust, N.A. (In re Vallejo)*, BAP No. CC-18-1015-FLS, 2018 WL 4939469 (9th Cir. BAP Oct. 11, 2018). We affirmed, and the Ninth Circuit dismissed Debtor's appeal. The bankruptcy court later dismissed Debtor's case for failure to make plan payments. Debtor appealed that decision but failed to pay the filing fee, and we dismissed his appeal.

In 2019, Debtor filed a second chapter 13 petition. He commenced an adversary proceeding against US Bank and several other defendants, including Fannie Mae, alleging that GMAC did not properly assign the note or deed of trust, and thus, all defendants asserting rights to collect the debt or foreclose the deed of trust were committing fraud through forged

February 10, 2017, Ditech Financial LLC f/k/a/ Green Tree assigned the deed of trust to U.S. Bank Trust, N.A. as Trustee for LSF9 Master Participation Trust ("US Bank"). US Bank assigned the deed of trust to DLJ Mortgage Capital, Inc. ("DLJ") on June 22, 2020, and on September 15, 2020, DLJ assigned it to CSMC 2019-RPL10 Trust ("CSMC").

or otherwise fraudulent documents. US Bank filed a motion to dismiss arguing that Debtor's attempt to relitigate its standing was barred by claim preclusion and issue preclusion, Debtor lacked standing to challenge the deed of trust assignments, and Debtor failed to state any claim for relief.

Prior to the hearing on US Bank's motion to dismiss, Debtor filed a motion to amend the complaint and a proposed amended complaint. The bankruptcy court granted Debtor's motion to amend and instructed him to file an amended complaint identical to the proposed amended compliant attached to his motion. Debtor disregarded the court's instruction and filed a different, unauthorized amended complaint. In it, he alleged that US Bank and others were "strangers" who lacked standing to assert rights against the property. Debtor claimed that Fannie Mae acquired the loan in 2005 and never properly assigned its interest to any other party.

US Bank then filed a motion to declare Debtor a vexatious litigant, which assignee CSMC joined. The bankruptcy court granted the motion and entered a memorandum decision meticulously outlining Debtor's numerous vexatious filings. The court noted that, after it granted stay relief to US Bank in the 2016 bankruptcy case, Debtor raised the issue of standing 131 times in filings before multiple federal and state courts. The bankruptcy court struck Debtor's unauthorized amended complaint and entered a prefiling order requiring Debtor to obtain leave from the court before filing any pleading raising or challenging US Bank's standing at the time of its prior stay relief motion entered on December 12, 2017. The

United States District Court for the Central District of California dismissed Debtor's appeal of the vexatious litigant order, and the Ninth Circuit dismissed his appeal from that order.

**B.      The present adversary proceeding and the court's rulings**

In 2023, Debtor filed a motion to reopen his 2011 chapter 7 bankruptcy case, and he filed an adversary complaint against Fannie Mae. He alleged that Fannie Mae acquired the note and deed of trust in 2005, a dispute arose over payments, he stopped paying the loan, and in 2011 he avoided the deed of trust pursuant to § 522(f)[4] and discharged his liability on the note. Debtor also confusingly alleged that Fannie Mae was assigned the deed of trust in 2016 and failed to provide written notice as required by 15 U.S.C. § 1641(g).

He claimed that several strangers had attempted to collect on the loan and had recorded void assignments of the deed of trust, and no party other than Fannie Mae had any interest in the property. The caption of Debtor's complaint indicates claims for: (1) violation of the discharge order and the automatic stay; (2) breach of contract; and (3) quiet title/expungement of instruments. However, the body of the complaint

---

[4] Section 522(f) permits a debtor to avoid judicial liens and nonpossessory, nonpurchase-money security interests in certain personal property which impair a debtor's exemptions. It does not apply to voluntary liens granted by deeds of trust. Moreover, the docket does not reflect any motion filed by Debtor to avoid a lien under § 522(f).

indicates claims for: (1) declaratory judgment; (2) violation of 15 U.S.C. § 1602(g); and (3) violation of 15 U.S.C. § 1641(g).

Fannie Mae filed a motion to dismiss the complaint pursuant to Civil Rule 12(b)(6), made applicable by Rule 7012, and stated it had no interest in Debtor's loan or his residence. It argued that Debtor lacked standing to assert claims that predated his 2011 petition because those claims belonged to the estate and could be brought by only the chapter 7 trustee.

Fannie Mae further argued that Debtor failed to state a claim for relief for a violation of the discharge injunction because, even if Fannie Mae were asserting state law remedies against the Property, it would not be barred by the discharge injunction from doing so because its lien rights were unaffected by the discharge. Fannie Mae maintained that Debtor's purported claim under 15 U.S.C. § 1602(g) was essentially a claim to cancel a written instrument, but Debtor neither alleged specific facts demonstrating the invalidity of an instrument, nor did he have standing to challenge the assignments of the deed of trust. Finally, it argued that Debtor failed to allege any failure to make "material disclosures" which could give rise to an action under § 15 U.S.C. § 1641(g), or actual damages from such a violation.

Debtor filed an opposition to the motion to dismiss and a "request for discovery in order to file a first amended complaint," in which he claimed that his evidence would show that Fannie Mae acquired the loan in 2005,

6

and because Fannie Mae stated it had no interest in the loan, Debtor would seek to amend the complaint to request the court to quiet title in his name.

Debtor also filed a motion for a preliminary injunction to stop a trustee's sale scheduled for June 13, 2023, initiated on behalf of CSMC. He argued that Fannie Mae misrepresented to the court that it did not own the loan, and he contended that the loan had not been assigned to any other party since June 2016. The bankruptcy court denied Debtor's request for an injunction because he did not serve the motion on the party asserting a right to foreclose, and his unsubstantiated and conclusory statements did not show that he was likely to succeed on the merits in the adversary proceeding. Additionally, the court noted that Debtor's adversary proceeding appeared to be an attempt to circumvent the vexatious litigant order entered against him in connection with his 2019 chapter 13 case.

The court entered an order denying the motion for an injunction and a separate order denying his request for discovery to file an amended complaint. Debtor filed a notice of appeal on June 7, 2023. In response to a deficiency letter, he filed an amended notice of appeal on June 9, 2023, and attached the court's order denying his request for a preliminary injunction.

On June 14, 2023, the bankruptcy court held a hearing and granted Fannie Mae's motion to dismiss. The bankruptcy court took judicial notice of the recorded deed of trust and assignments, and of documents entered in Debtor's other bankruptcy cases, and held that Debtor lacked standing to pursue claims under 15 U.S.C. §§ 1602(g) and 1641(g) (together the

7

"TILA Claims").[5] The court further held that Debtor was barred by statutes of limitation in 15 U.S.C. §§ 1635 and 1640 from asserting the TILA Claims.[6]

The court additionally held that Debtor lacked standing to challenge the deed of trust assignments, and he was judicially estopped from asserting claims which he did not schedule. Finally, it concluded that Debtor's claim for a violation of the discharge injunction failed as a matter of law because he alleged only that parties were asserting lien rights against the Property, not seeking to collect discharged debt as a personal liability.

Because none of Debtor's claims could be cured by amendment, the court dismissed the complaint without leave to amend. The court entered a written order dismissing the complaint with prejudice on June 15, 2023.

---

[5] The bankruptcy court interpreted Debtor's allegations as seeking "to void the Note on the grounds that: (1) no party is a "creditor" under 15 U.S.C. § 1602(g); (2) no party can claim ownership of the Note; and (3) that any assignments of the Deed of Trust recorded after the Discharge Order was entered are void."

[6] Section 1602(g) of Title 15 merely provides a definition of "creditor," but the court held that "to the extent that [Debtor] is asserting a right to recission under 15 U.S.C. § 1635 by way of an alleged violation of 15 U.S.C. § 1602, any asserted right [Debtor] may have had expired long before the Complaint was filed." Section 1635 of Title 15 provides: "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

A creditor who receives a transfer or assignment of a mortgage is required by 15 U.S.C. § 1641(g) to make certain disclosures to the borrower within 30 days. Debtor alleged that Fannie Mae failed to provide the required notice after it was assigned the note and deed of trust on June 20, 2016. The bankruptcy court held that an action for a violation of 15 U.S.C. § 1641(g) was required to be brought within one year from the occurrence of the violation according to 15 U.S.C. § 1640(e), and thus, was barred.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(I) and (K). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err by dismissing Debtor's complaint with prejudice?

## STANDARDS OF REVIEW

We review de novo the bankruptcy court's grant of a Civil Rule 12(b)(6) motion to dismiss, accepting all factual allegations in the complaint as true and construing them in the light most favorable to the nonmoving party. *Calise v. Meta Platforms, Inc.,* 103 F.4th 732, 738 (9th Cir. 2024). Under de novo review, "we consider a matter anew, as if no decision had been made previously." *Francis v. Wallace (In re Francis)*, 505 B.R. 914, 917 (9th Cir. BAP 2014).

We review for abuse of discretion a decision to dismiss without leave to amend. *Willard v. Lockhart-Johnson (In re Lockhart-Johnson)*, 631 B.R. 38, 44 (9th Cir. BAP 2021). A bankruptcy court abuses its discretion if it applies an incorrect legal standard or misapplies the correct legal standard or its factual findings are illogical, implausible, or without support from evidence in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We may affirm on any ground supported by the record, whether the bankruptcy court relied upon, rejected, or even considered that ground. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014).

## DISCUSSION

### A.    Scope of this appeal

As an initial matter, we clarify the scope of this appeal. Pursuant to Rule 8003(a), an appellant initiates an appeal by filing, within the time limits of Rule 8002(a), a notice of appeal which conforms substantially to the appropriate Official Form and is accompanied by the "judgment, order, or decree, or the part of it, being appealed."

Debtor's notice of appeal identifies only the order denying his request for a preliminary injunction to stay the trustee's sale, which was entered by the court on June 7, 2023. In response to a deficiency letter from the bankruptcy court, Debtor filed an amended notice of appeal, but attached only the order denying his motion for a preliminary injunction.

Debtor provides no argument relevant to the order denying his request to stay the trustee's sale and has thus waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Additionally, we find no error in the court's decision to deny the request. Debtor did not serve the motion on the parties asserting a right to foreclose and he did not demonstrate a likelihood of success on the merits.

10

We liberally construe Debtor's opening brief as challenging the court's decision to dismiss the complaint without leave to amend. Debtor did not amend his notice of appeal to include the order dismissing his complaint with prejudice, but we can look past an appellant's failure to comply technically with Rule 8003 if the intent to appeal a specific order is fairly inferred and the appellee will not be prejudiced. *Lolli v. City of Orange*, 351 F.3d 410, 414 (9th Cir. 2003). "In determining whether intent and prejudice are present, we consider first, whether the affected party had notice of the issue on appeal; and second, whether the affected party had an opportunity to fully brief the issue." *Le v. Astrue*, 558 F.3d 1019, 1023 (9th Cir. 2009) (quoting *Meehan v. Cnty. of L.A.*, 856 F.2d 102, 105 (9th Cir. 1988) (quotation marks omitted)).

Fannie Mae urges us to limit the appeal to the order denying the preliminary injunction. It contends that Debtor could not have intended to appeal the dismissal order because he filed his notice of appeal, and amended notice of appeal, before the court entered its order dismissing the complaint. Fannie Mae contends it would be prejudiced if we considered the order dismissing the complaint because it was unaffected by the appeal of the order denying the injunction and was forced to quickly file an answering brief in case the Panel were to allow Debtor to challenge the dismissal order.

Although Debtor did not file a second amended notice of appeal identifying or attaching the dismissal order, we can fairly infer his intent to

11

appeal that order from his opening brief. And though we acknowledge that Fannie Mae was forced to respond on limited notice, it was able to address the issues, and any prejudice it suffered was minimal.

## B. Legal standards governing dismissal with prejudice

Civil Rule 12(b)(6) provides that dismissal is appropriate if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In assessing the adequacy of the complaint, the court must accept as true all allegations and construe them in the light most favorable to the plaintiff. *See Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A motion to dismiss "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1121 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Under Civil Rule 15, made applicable by Rule 7015, a bankruptcy court should grant leave to amend when justice so requires "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (cleaned up).

In determining whether to grant a plaintiff leave to amend, a bankruptcy court should consider: (1) undue delay; (2) bad faith or dilatory motive by the plaintiff; (3) repeated failure to cure deficiencies by previous

amendments; (4) undue prejudice to the defendant; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The consideration of prejudice to the defendant is paramount. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

**C.    The court did not err in dismissing the complaint with prejudice.**

Debtor does not cogently explain why the bankruptcy court erred by dismissing his complaint with prejudice, and we discern no error.

**1.  Debtor's TILA Claims are barred.**

Like the bankruptcy court, we construe Debtor's complaint as asserting a right to void or rescind the note and deed of trust under TILA. Debtor claims that Fannie Mae acquired an interest in the property in 2005, and he filed his petition after a dispute arose as to the loan's accounting. Because any claims against Fannie Mae based on its acquisition of the loan existed prior to Debtor's chapter 7 petition date, and Debtor did not schedule those claims, we agree with the bankruptcy court that Debtor lacks standing to assert the TILA Claims against Fannie Mae.

Pursuant to § 541(a), filing a bankruptcy petition creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." This includes legal claims and causes of action. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705. 707 (9th Cir. 1986).

13

For estate claims, the "bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate." *Estate of Spirtos v. One San Bernadino Cnty. Super. Ct. Case Numbered SPR 02211*, 443 F.3d 1172, 1176 (9th Cir. 2006).

The trustee is the sole party with standing to prosecute estate claims, unless and until it abandons the claims under § 554. *See Turner v. Cook*, 362 F. 3d 1219, 1225-26 (9th Cir. 2004); *Stevens v. Whitmore (In re Stevens)*, 617 B.R. 328, 332 (9th Cir. BAP 2020). Section 554(c) provides that property scheduled under § 521(a)(1) that is not otherwise administered is abandoned to the debtor at the time of the closing of the case. Section 554(d) clarifies that "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate." Because Debtor did not include the TILA Claims in his schedules, they were not abandoned to Debtor at the close of the case. *See In re Stevens*, 617 B.R. at 332 ("[A]n asset must be scheduled under section 521(a)(1) to be technically abandoned." (cleaned up)). Thus, the TILA Claims remain property of Debtor's bankruptcy estate, and Debtor lacks standing to assert them.

We also agree that, to the extent Debtor is seeking to rescind the note based on an alleged violation of 15 U.S.C. § 1602, such claim is barred by 15 U.S.C. § 1635. And to the extent Debtor seeks damages against Fannie Mae for a purported violation of 15 U.S.C. § 1641(g), the claim is barred by 15 U.S.C. § 1640. Because Debtor lacks standing to assert the TILA Claims and

14

they are barred by the relevant statutes of limitations, amendment would be futile. The court did not err by dismissing the TILA Claims with prejudice.

### 2. Debtor's claim for violations of the discharge injunction fails as a matter of law.

We construe Debtor's complaint as seeking a declaratory judgment that: (1) Fannie Mae or other parties violated the discharge injunction of § 524 by asserting rights against the Property after the discharge order was entered; and (2) neither Fannie Mae nor other parties have standing to assert any rights against the Property.

Pursuant to § 524(a)(2), a discharge "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any [discharged] debt as a personal liability of the debtor . . . ." The discharge affects a creditor's ability to proceed against a debtor personally, but it "leave[s] unimpaired a creditor's right to proceed *in rem* against the debtor's property." *HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim)*, 803 F.3d 477, 494 (9th Cir. 2015); *see also Johnson v. Home State Bank*, 501 U.S 78, 84 (1991) ("[A] bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.").

Debtor's claims for violation of the discharge injunction are premised entirely on his allegation that the deed of trust lien was extinguished by his

15

discharge. The deed of trust survives the discharge and continues to permit any party lawfully asserting rights under it to foreclose. *See Johnson*, 501 U.S. at 83 ("[T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy."). Thus, Debtor cannot plausibly state a claim for relief for violations of the discharge injunction based on attempts to foreclose the deed of trust. Because amendment would be futile, dismissal with prejudice was warranted.

## CONCLUSION

Based on the foregoing, we AFFIRM the bankruptcy court's dismissal with prejudice of Debtor's adversary complaint.