DLD-196                                                                        NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 10-1364
_____

LUIS ANTONIO DUTTON-MYRIE,
                                                                 Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES
OF AMERICA; JANINE DONATE; ATTORNEY
GENERAL OF THE STATE OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-02173)
District Judge:  Honorable A. Richard Caputo

_____

Submitted For Consideration of Appellant's Motions Pursuant to
3d Cir. L.A.R. Misc. 107.2 and 28 U.S.C. § 1915(a) and
For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 13, 2010
Before:  FUENTES, JORDAN AND HARDIMAN, Circuit Judges

(Opinion filed: May 27, 2010)
_____

OPINION
_____

PER CURIAM

Luis Antonio Dutton-Myrie, proceeding pro se, appeals from the District Court's dismissal of his petition for a writ of habeas corpus for lack of subject matter jurisdiction. For the reasons that follow, we will summarily affirm the judgment of the District Court.

Dutton-Myrie appeared before an Immigration Judge ("IJ") for a removal hearing on April 13, 1998.[1] He was removed from and subsequently re-entered the United States. In early 2009, he filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, arguing that the proceedings before the IJ did not comport with due process. The District Court dismissed the petition for lack of subject matter jurisdiction, see Dutton-Myrie v. Holder, Civ. No. 3:09-cv-117 (M.D. Pa. Mar. 5, 2009), and this Court summarily affirmed. See C.A. No. 09-1729 (3d Cir. Sept. 4, 2009).

After this Court denied his petition for rehearing en banc, Dutton-Myrie filed a second habeas petition raising the essentially same issues. He maintained that his proceedings before the IJ were tainted by the IJ's failure to advise him of his right to appeal and his counsel's ineffective assistance. Dutton-Myrie sought leave to appeal or vacate the IJ's April 13, 1998 decision ordering his removal, and/or to vacate his removal proceedings, appoint counsel to represent him and order that the IJ conduct a new removal hearing. He maintained that the District Court had jurisdiction over his claims

---

[1]It appears that during this hearing, he conceded removability, did not seek relief from removal, and was ordered removed.

2

because he was not challenging the final order of removal but rather the procedures by which it was obtained.

The District Court held that this petition was duplicative of the one filed and dismissed in 2009 and that, in any event, it lacked jurisdiction over the petition under the REAL ID Act of 2005. See 8 U.S.C. §§ 1252(a)(5) & (b)(9); Jeune v. Attorney Gen., 476 F.3d 199, 200 (3d Cir. 2007); Silva-Rengifo v. Attorney Gen., 473 F.3d 58, 62 (3d Cir. 2007).

Dutton-Myrie timely filed a notice of appeal, but failed to pay the required fees or apply to proceed in this Court in forma pauperis ("IFP"). On March 31, 2010, the appeal was dismissed for failure to timely prosecute pursuant to Fed. R. App. P. 3(a), 3d Cir. L.A.R. 3.3, and 3d Cir. L.A.R. Misc. 107.1(a). On April 22, 2010, Dutton-Myrie filed a motion to reopen the appeal, explaining that between January 29 and March 31, he did not receive any correspondence from this Court requesting that he pay the filing fee or submit an application to proceed IFP. He stated that he was transferred from the Lackawanna County Prison to the Jefferson County Prison on February 15, 2010, and then to the Columbia County Prison on February 24, 2010. Upon receiving the notice of dismissal, he immediately moved to reopen and filed the required application to proceed IFP. He also requested that this Court summarily vacate the order of the District Court.

Because Dutton-Myrie's appeal was originally closed for failure to pay fees or to apply to proceed IFP, because he has shown good cause for not timely filing a motion to

3

proceed IFP, and because his IFP application is now complete and demonstrates that he has no appreciable assets, both his motion to reopen the appeal and motion to proceed IFP are granted. However, his motion to summarily vacate the order of the District Court is denied. Instead, the District Court's order will be summarily affirmed for the reasons given in its opinion.[2] See 3d Cir. L.A.R. 27.4 & I.O.P. 10.6.

The District Court properly dismissed Dutton-Myrie's petition for lack of subject matter jurisdiction. As the District Court advised him, the exclusive means for judicial review of any final order of removal is by filing a petition for review in the Court of Appeals in the Circuit in which the IJ is located. See 8 U.S.C. 1252(a)(5) & (b)(2). We note that Dutton-Myrie requested assistance from the District Court in filing a petition for review in this Court. The purpose of a petition for review is to provide the court with information regarding the final order of removal which the petitioner seeks to have reviewed. See 8 U.S.C. § 1252(c) (explaining that a petition for review from a final order of removal: "(1) shall attach a copy of such order, and (2) shall state whether a court has upheld the validity of the order, and, if so, shall state the name of the court, the date of the court's ruling, and the kind of proceeding."). Even if we were to liberally construe Dutton-Myrie's notice of appeal from the District Court's order as a petition for review from the 1998 order of the IJ, we would be constrained to dismiss it as untimely. See 8 U.S.C. § 1252(b)(1) (petition for review must be filed within thirty days of date of final

---

[2]We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

4

order of removal). If Dutton-Myrie intends to seek relief from the IJ's order, his only potential recourse is to request that the IJ reopen his proceedings or re-issue its final order of removal so that he may properly seek review. See 8 C.F.R. § 1003.23; Jahjaga v. Attorney Gen., 512 F.3d 80, 82 (3d Cir. 2008) (treating a motion to reissue a decision like a motion to reopen). We express no opinion on whether such a motion is likely to be granted by the IJ.

Based on the foregoing, we will grant the motions to reopen and to proceed IFP, deny the motion to summarily vacate and remand, and summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4 & I.O.P. 10.6.