**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO PEREZ-PEREZ; M.E.P.-B.; AURY FABIOLA BARRERA-GODOY; M.N.P.-B., | No. 23-4240 <br><br> Agency Nos. <br> A220-454-951 <br> A220-454-952 <br> A220-939-540 <br> A220-939-541 |
| *Petitioners*, | |
| v. | OPINION |
| PAMELA BONDI, Attorney General, | |
| *Respondent*. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[*]
San Francisco, California

Filed February 10, 2025

Before: M. Margaret McKeown, Danielle J. Forrest, and
Gabriel P. Sanchez, Circuit Judges.

Opinion by Judge Sanchez

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY**

### Immigration/FRAP 15(a)(2)(A)

Declining the government's request to amend the case caption in a petition for review of a decision of the Board of Immigration Appeals, the panel held that the lead petitioner's wife and two minor children were sufficiently identified by their agency "A" numbers to comply with Federal Rule of Appellate Procedure 15(a)(2)(A)'s requirement to name each party seeking review either in the caption or the body of the petition.

The petition for review omitted the names of the lead petitioner's wife and minor children, but included their agency "A" numbers in the caption. By its plain terms, Rule 15(a)(2)(A) precludes the use of generic terms such as "et al.," "petitioners," or "respondents" to identify those who seek federal appellate court review of an administrative order. The Advisory Committee Notes further explain that a petition for review of an agency decision is the first filing in any court and, therefore, is analogous to a complaint in which all parties must be named. Yet the Supreme Court has also explained that the procedural requirements of a complaint derive from the need to provide fair notice of what the plaintiff's claim is and the grounds upon which it rests, and such requirements should not be applied so stringently as to foreclose potentially meritorious claims based on a mere technicality. Balancing these dual objectives, the panel concluded that a petition's use of "A" numbers provides

---

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

sufficient notice to the government of the identities of the petitioners seeking review and thus meets the requirements of Rule 15(a)(2)(A).

In a concurrently filed memorandum disposition, the panel addressed the merits of petitioners' claims.

## COUNSEL

Thomas D. Pamilla, Law Offices of Thomas D. Pamilla APC, Fremont, California, for Petitioners.

Sanya S. Kerksiek, Trial Attorney, Office of Immigration Litigation, Civil Division; Song Park, Assistant Director, Office of Immigration Litigation; Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; United States Department of Justice, Washington, D.C.; for Respondent.

## OPINION

SANCHEZ, Circuit Judge:

Luis Alberto Perez-Perez, his wife Aury Fabiola Barrera-Godoy, and their two minor children, M.E.P.-B. and M.N.P.-B. ("Petitioners"), are natives and citizens of Guatemala.[1] Petitioners seek review of a decision of the Board of Immigration Appeals ("BIA") affirming the immigration judge's denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). In a separate memorandum disposition filed concurrently with this opinion, we address the merits of Petitioners' claims. In this opinion, we address the government's request that we amend the case caption to remove Aury Fabiola Barrera-Godoy, M.N.P.-B., and M.E.P-B as petitioners based on their asserted failure to comply with Federal Rule of Appellate Procedure 15(a)(2)(A).

Under Rule 15(a)(2)(A), petitions for enforcement or review of an administrative agency order must "name each party seeking review either in the caption or the body of the petition." The Rule additionally provides that "using terms such as 'et al.,' 'petitioners,' or 'respondents' does not effectively name the parties." Fed. R. App. P. 15(a)(2)(A). The petition omitted the names of Aury Fabiola Barrera-Godoy, M.N.P.-B., and M.E.P-B, but included their agency

---

[1] Perez-Perez is the lead petitioner, and his wife and children are listed as derivative beneficiaries on his asylum application. Barrera-Godoy and M.N.P.-B. have also filed separate applications for asylum, withholding of removal, and protection under Convention Against Torture ("CAT"), based on the same events described by Perez-Perez. The applications were consolidated below.

"A" numbers in the caption. The question presented here is whether Rule 15(a)(2)(A)'s naming requirement is satisfied by referencing a petitioner's "A" number when their true name is not otherwise stated "in the caption or the body of the petition."

Though this issue has not been addressed in a published opinion by our court, we have routinely concluded in unpublished dispositions that referencing "A" numbers is sufficient to identify the relevant petitioners under Rule 15. *See, e.g., Cuevas Torres v. Garland*, No. 23-146, 2024 WL 1795146, at *1 n.1 (9th Cir. Apr. 25, 2024); *Henriquez v. Garland*, No. 24-85, 2024 WL 4502110, at *1 n.1 (9th Cir. Oct. 16, 2024); *Vasquez Garcia v. Garland*, No. 23-3728, 2024 WL 5001829, at *1 n.1 (9th Cir. Dec. 6, 2024). We now hold that Rule 15(a)(2)(A)'s naming requirement is satisfied when a petitioner's "A" number from the agency proceeding below appears in the caption or body of a petition for review.

By its plain terms, Rule 15(a)(2)(A) precludes the use of generic terms such as "et al.," "petitioners," or "respondents" to identify those who seek federal appellate court review of an administrative order, explaining that "using such terms … does not effectively name the parties" to a petition. Fed. R. App. P. 15(a)(2)(A). The Advisory Committee Notes further explain that "[a] petition for review of an agency decision is the first filing in any court and, therefore, is analogous to a complaint in which all parties must be named." Fed. R. App. P. 15 Advisory Committee Note to 1993 amendment; *see also United States v. Vonn*, 535 U.S. 55, 64 n.6 (2002) (observing that advisory committee notes "provide a reliable source of insight into the meaning of a rule"). At first blush, Rule 15(a)(2)(A) does

not appear to contemplate the use of an agency's "A" numbers.

Yet the Supreme Court has also explained that the procedural requirements of a complaint derive from the need to provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007) (internal quotation omitted). Such requirements should not be applied so stringently as to foreclose potentially meritorious claims based on a mere technicality. *See Foman v. Davis*, 371 U.S. 178, 181 (1962) ("It is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.").

Balancing these dual objectives, we conclude that a petition's use of "A" numbers provides sufficient notice to the government of the identities of petitioners who seek review of a BIA order that binds them. These "A" numbers are not generic terms referencing unknown and potentially unidentifiable individuals, such as the procedural titles listed in the text of Rule 15, but rather correspond to specific persons who have raised claims before the agency for adjudication and whose names are readily available in the government's own records, including BIA orders which must be submitted to this court with the petition for review under Ninth Circuit Rule 15-4.

We therefore conclude that Aury Fabiola Barrera-Godoy, M.N.P.-B., and M.E.P-B were sufficiently identified by their "A" numbers in their petition for review before this court and decline Respondent's request to amend the case caption.