NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DALTON JUNIOR LOPES CASIANO,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-513

Agency No.
A216-984-775

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 11, 2025[**]
Pasadena, California

Before: BYBEE, IKUTA, and FORREST, Circuit Judges.

Dalton Junior Lopes Casiano petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) decision

denying his application for relief from removal as abandoned and ordering his

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal.[1] We deny the petition.

Where the BIA provides its own reasoning, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision. *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020). We review the agency's decision to deem an application waived for abuse of discretion, *Gonzalez-Veliz v. Garland*, 996 F.3d 942, 948 (9th Cir. 2021), and we review due-process challenges de novo, *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022).

1.  ***Application Waiver.*** The agency did not abuse its discretion in finding that Lopes Casiano waived the opportunity to apply for relief from removal by not filing his application by the deadline set by the IJ. *See* 8 C.F.R. § 1003.31(h) ("If an application or document is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived."); *see also Taggar v. Holder*, 736 F.3d 886, 889 (9th Cir. 2013) (concluding there was no abuse of discretion when the petitioner failed to file her application by the filing deadline set by the IJ).

Citing *Arizmendi-Medina v. Garland*, 69 F.4th 1043 (9th Cir. 2023), Lopes

---

[1] Lopes Casiano did not include his family members' names or alien "A" numbers in his petition for review. Thus, we conclude Lopes Casiano is the sole petitioner in this case. *See Perez-Perez v. Bondi*, 127 F.4th 1180, 1182 (9th Cir. 2025) (holding that the "naming requirement" under Federal Rule of Appellate Procedure 15(a)(2)(A) is satisfied when a petitioner lists a beneficiary's name or "A" number in the caption or body of the petition).

Casiano contends the IJ violated his due-process right to a full-and-fair hearing by denying his petition as waived. To allege a due-process violation, a petitioner must demonstrate that (1) the process was so "fundamentally unfair" that it prevented the petitioner from reasonably presenting his case, and (2) the petitioner suffered prejudice such that "the outcome of the proceeding may have been affected by the alleged violation." *Id.* at 1048 (citing *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010)). Due process is satisfied when the petitioner is "given an *opportunity* 'to be represented by counsel, prepare an application for . . . relief, and . . . present testimony and other evidence in support of the application." *Zetino*, 622 F.3d at 1013 (alterations in original) (emphasis added) (citation omitted).

Here, the IJ clearly articulated the filing deadline five months in advance and the consequences for failing to meet it. Lopes Casiano was represented by counsel, and he had an opportunity to apply for relief and failed to do so. These facts do not change because the district court granted his former counsel's motion to withdraw *one day* before the filing deadline due to Lopes Casiano's lack of communication. Under these circumstances, Lopes Casiano has not demonstrated that the agency's conduct in deeming his application abandoned "was so fundamentally unfair" that it "prevented [him] from reasonably presenting his case." *Cf. Arizmendi-Medina*, 69 F.4th at 1048 (holding that the petitioner's due-process rights were violated when the filing deadline was ambiguous, the petitioner's counsel offered to submit the

3

application the day of the filing deadline, and the IJ denied the petitioner's request for a continuance). Lopes Casiano's argument that the IJ should have given him an opportunity to attend his scheduled merits hearing likewise fails. Because the agency did not err in deeming his application abandoned and he had already conceded removability, nothing remained to be done at the previously scheduled hearing.

Lopes Casiano also contends the agency violated his statutory due-process right to counsel by deeming his application waived. Under 8 U.S.C. § 1362, noncitizens have a right to counsel "[i]n any removal proceedings." *See also Orozco-Lopez v. Garland*, 11 F.4th 764, 776 (9th Cir. 2021). And where "an immigrant has engaged counsel and the IJ is aware of the representation, if counsel fails to appear, the IJ must take reasonable steps to ensure that the immigrant's statutory right to counsel is honored." *Hernandez-Gil v. Gonzales*, 476 F.3d 803, 808 (9th Cir. 2007). But an IJ's "affirmative duty does not and should not entitle or allow a petitioner to 'game the system' or to improperly delay the judgment day by asking for endless continuances or by failing to be diligent in the pursuit of representation." *Ram v. Mukasey*, 529 F.3d 1238, 1242 (9th Cir. 2008). Because Lopes Casiano does not dispute that he failed to communicate with his former counsel, his counsel continued representation until just before the filing deadline, and he did not request a continuance to obtain new counsel, we conclude that there was no due-process violation.

2. ***Motion to Remand.*** Lopes Casiano argues that the BIA abused its discretion in denying his motion to remand because (1) his former counsel provided ineffective assistance and (2) he presented newly available evidence to the BIA, warranting remand.

Lopes Casiano failed to exhaust his ineffective-assistance-of-counsel argument below. While a petitioner need not raise an issue "in a precise form during the administrative proceeding," he must "do more than make a 'general challenge to the IJ's decision.'" *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) (citation omitted). Before the BIA, Lopes Casiano raised ineffective assistance in one sentence within the context of his due-process arguments discussed above. Contrary to what he argues on appeal, he did not address how his former counsel failed to perform with sufficient competence, nor did he respond to the evidence submitted in his former counsel's motion to withdraw demonstrating his lack of communication.

Lopes Casiano argues that newly available evidence warrants remanding his case to the agency based on a statement from his U.S. employer that she intends to sponsor him for an employment-based visa. But as the BIA properly concluded, Lopes Casiano has neither demonstrated that he applied for an employment-based visa nor established that he meets the eligibility requirements for such a visa. Thus, Lopes Casiano has not established that this newly available evidence is likely to change the outcome of his case. *See Young Sun Shin v. Mukasey*, 547 F.3d 1019,

1025 (9th Cir. 2008) ("Aliens who seek to remand or reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation omitted)).

**PETITION DENIED.**