**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

ARMEN KAZARIAN,

*Petitioner*,

v.

PAMELA BONDI, Attorney General,

*Respondent*.

No. 25-4427

Agency No.
A249-137-918

ORDER

Filed November 18, 2025

Before: Marsha S. Berzon, Johnnie B. Rawlinson, and
Daniel P. Collins, Circuit Judges.

# SUMMARY[*]

## Immigration

In a case in which pro se petitioner Armen Kazarian challenges a decision of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's order of removal, the panel: (1) granted the government's request for an expedited ruling on Kazarian's motion to stay removal and granted the stay of removal; (2) granted Kazarian's motion for appointment of counsel; and (3) denied the government's motion to dismiss or for summary disposition.

The government moved to dismiss Kazarian's petition for review for lack of jurisdiction, arguing that he did not identify a final order of removal reviewable under 8 U.S.C. § 1252 because his petition misidentified the date of the BIA's decision. Rejecting that argument, the panel explained that the BIA's June 17, 2025, decision upheld the IJ's removal order, therefore resulting in a "final order of removal," which the court has jurisdiction to review.

The government also moved for summary denial because Kazarian did not attach a copy of the BIA's order or state whether a court has upheld its validity, as required by 8 U.S.C. § 1252(c). The panel observed that these filing requirements are akin to those in Federal Rules of Appellate Procedure 3(c)(1)(B) and 15(a)(2)(C), and that the court applies such requirements functionally, not inflexibly.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Here, the panel concluded that Kazarian's failure to comply with the precise requirements of § 1252(c) did not warrant dismissing or denying his petition. The imperfections in Kazarian's petition did not deprive the government of sufficient notice of his claim or prejudice the government. Rather, his petition and stay motion made clear which order he was challenging, and the government had no trouble finding that ruling and filing it on the docket.

**COUNSEL**

Armen Kazarian, Pro Se, Adelanto, California, for Petitioner.

Christopher I. Pryby, Trial Attorney; Anthony C. Payne, Assistant Director; Office of Immigration Litigation; Brett A. Shumate, Assistant Attorney General; Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## ORDER

Pro se and detained petitioner Armen Kazarian challenges a decision of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's order denying his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Kazarian also moves to stay removal (Dkt. 2) and for appointment of counsel (Dkt. 13). The government opposes a stay of removal and seeks an expedited ruling on that motion. *See* Dkt. 15. In addition, the government moves to dismiss Kazarian's petition for lack of jurisdiction. The government argues that Kazarian did not identify a final order of removal reviewable under 8 U.S.C. § 1252 because his petition misidentified the date of the BIA's decision. Alternatively, the government moves for summary denial of the petition because Kazarian did not attach a copy of the BIA's order or state whether a court has upheld its validity, as required by 8 U.S.C. § 1252(c).

We grant the government's request for an expedited ruling on the motion to stay removal, and we grant the stay. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 964–65 (9th Cir. 2011). The stay of removal remains in place until the mandate issues. We also grant Kazarian's motion for appointment of pro bono counsel. After counsel is appointed, the court will set a new briefing schedule.

We deny the government's motion to dismiss. The BIA's June 17, 2025, decision upholds the IJ's removal order, therefore resulting in a "final order of removal," which we have jurisdiction to review. 8 U.S.C. § 1252(a)(1). For the following reasons, we deny the government's motion for summary disposition as well.

The filing requirements imposed by § 1252(c) are akin to those in Federal Rules of Appellate Procedure 3(c)(1)(B) and 15(a)(2)(C), which require the appealing or petitioning party to identify the challenged order. Those requirements "derive from the need to provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Perez-Perez v. Bondi*, 127 F.4th 1180, 1182 (9th Cir. 2025) (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 319 (2007)); *see also Dutton-Myrie v. Att'y Gen.*, 382 F. App'x 130, 132 (3d Cir. 2010) (explaining that "[t]he purpose of a petition for review is to provide the court with information regarding the final order of removal which the petitioner seeks to have reviewed"). In assessing whether a failure to satisfy such requirements warrants dismissal or summary affirmance, we apply such requirements functionally, not inflexibly.[1]

In *Foman v. Davis*, for example, the Supreme Court held that an appellant's notice of appeal was effective even

---

[1] The government argues that § 1252(c)'s requirements are mandatory claim-processing rules that, if not complied with, compel denying the petition if raised by the opposing party. *See, e.g.*, *Manrique v. United States*, 581 U.S. 116, 121 (2017). We disagree. Mandatory claim-processing rules are "rules that seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times," such as filing deadlines, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011), or administrative exhaustion prerequisites, *Fort Bend County v. Davis*, 587 U.S. 541, 552 (2019). That definition describes other provisions of § 1252. *See, e.g.*, *Riley v. Bondi*, 606 U.S. 259, 277 (2025). It does not describe § 1252(c), which is more analogous to the provisions of Rules 3 and 15 cited above. *See Manrique*, 581 U.S. at 125 (expressly distinguishing between "defects in a notice of appeal" that may be overlooked under Rule 3(a)(2) from "mandatory claim-processing rules" that may not be overlooked if "the opposing party raises the issue").

though it did not specify the judgment being appealed. 371 U.S. 178, 180–81 (1962). The Court explained that because the defect "did not mislead or prejudice" the opposing party, and because it was clear which judgment the appellant sought to challenge, it would be "entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Id.* at 181. Similarly, in *Smith v. Barry*, the Court explained that "when papers are technically at variance with the letter of Rule 3, a court may nonetheless find that the litigant has complied with the rule if the litigant's action is the functional equivalent of what the rule requires." 502 U.S. 244, 248 (1992) (citation modified) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988)).

Likewise, we have explained that "a notice of appeal is adequate even when it completely fails to indicate the order from which the party is appealing," so long as (1) the relevant order "can be fairly inferred" and (2) the appellee is not prejudiced by the omission. *Le v. Astrue*, 558 F.3d 1019, 1023 (9th Cir. 2009) (quoting *Lolli v. County of Orange*, 351 F.3d 410, 414 (9th Cir. 2003)); *see Becker v. Montgomery*, 532 U.S. 757, 767 (2001) (holding "that imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court"). We have applied similar criteria when deciding to excuse noncompliance with Rule 15(a)(2)'s party-naming requirements. *See Perez-Perez*, 127 F.4th at 1182 (holding that the petitioners' use of "A numbers" instead of names in the petition's caption did not warrant removing those petitioners from the case under Rule 15(a)(2)(A) because the agency could "readily" discern their identities); *Rhine v. Stevedoring Servs. of Am.*, 596 F.3d

1161, 1163 (9th Cir. 2010) (holding that the petitioner's failure to name the agency as a respondent under Rule 15(a)(2)(B) was not fatal because the agency nonetheless received notice and appeared in the case). Although we have not explicitly addressed the requirement in Rule 15(a)(2)(C) that a petition "specify the order or part thereof to be reviewed," we have suggested that it should also be construed consistent with the Supreme Court's liberal approach to Rule 3(c)(1)(B).**[2]** *See Wash. Utils. & Transp. Comm'n v. Fed. Energy Regul. Comm'n*, 26 F.3d 935, 940 n.3 (9th Cir. 1994) (holding that the petitioners' "failure to specify the [agency's] order in the petition is not fatal" because the challenged decision was "clear[]").

Here, the imperfections in Kazarian's petition did not deprive the government of sufficient notice of his claim or prejudice the government. Even though Kazarian misstated the date of the challenged order as "07/16/25" rather than "06/17/25," and he did not attach a copy of that order, as § 1252(c) requires, his petition and accompanying stay motion make clear that he seeks review of the BIA's June 17, 2025, decision upholding his removal order. *See ABC Corp. I v. P'ship & Unincorporated Ass'ns*, 51 F.4th 1365, 1372–73 (Fed. Cir. 2022) (disregarding obvious typographical error in designating order being appealed). Indeed, as the government recognizes, "the record reflects no Board ruling in his case other than the one on June 17, 2025." The government had no trouble finding that ruling and filing it on the docket. Under these circumstances,

---

[2] Other circuits have so held. *See, e.g.*, *Castillo-Rodriguez v. Immigr. & Naturalization Serv.*, 929 F.2d 181, 184 (5th Cir. 1991); *Sinclair Broad. Grp., Inc. v. FCC*, 284 F.3d 148, 157–58 (D.C. Cir. 2002); *Village of Barrington v. Surface Transp. Bd.*, 892 F.3d 252, 266 (7th Cir. 2018).

Kazarian's failure to comply with the precise requirements of § 1252(c) does not warrant dismissing or denying his petition.

The motion for stay of removal is **GRANTED**.

The motion for appointment of counsel is **GRANTED**.

The motion to dismiss or for summary disposition is **DENIED**.